Opinion o? the Court, bv
Judge Mills.
THE plaintiff in error was a member of the legisla-lure, and while attending its deliberations, a summons and petition for debt issued from the clerk’s office of '^1C ^ranklin circuit court, was served upon him, and he pleaded his privilege as a member in abatement of the writ. On demurrer the court below held the plea invalid, and he has prosecuted this writ of error.
Under the constitution of this state, it has not been, and cannot be pretended, that the plaintiff is entitled Prlvilege of being excused from the service of any Process °f this nature, which does not require bail. That instrument only provides that “ the members of the general assembly shall, in all cases, except treason, *123 felony, breach or surety of the peace, he privileged, from Arrest during-their attendance' fit the sessions of (heir respective houses, and in going to and returning from the same.” By this provision, members are privileged from arrept only, and are subject to the execution of any other process, as other citizens are.
But on the 17th .December 1795, (see 2 Dig. L. K«. 281,) béfore the adoption of the present constitution, but under a constitution containing, in this respect, substantially the same provisions, an act was passed on this-subject, which provides that “ no person or persons-shall, under any pretence, directly or indirectly, by any ways or means whatever, arrest, assault, menace, or-otherwise disturb the person of a member, during his, privilege, except on legal process for treason, felony or-breach of the peace.”.
It is contended for the plaintiffin error, that this act embraces his case, and renders the service of the summons upon him illegal. On the other hand, it is insisted that the fair construction of this act, does not embrace the case, and if it does, that the provisions of the act, in this respect, are unconstitutional; that the constitution has measured out all the privilege which members can have; and that the foregoing clause of the constitution, operates not only as a grant of privilege, but as a limitation upon the extentvof privileges thereafter to be granted, and that its terms are as restrictive as if the' word only* was inserted after the word “ arrest.”
It will be proper, before any thing is said upon the validity of the act, to'settle its construction, and ascertain what the legislature has really done; for if, in this respect, they have not gone beyond the constitution, it wfll not beboecessary to decide on the validity of the act.;
’ If the act does include the writ in question, it- must be under- the expressions, “ or otherwise disturb-the person.” ' It must be admitted that the expressions of the ííot are very broad, when the words “ directly or indirectly,” and u by any ways or means whatever,” are taken into consideration. But they might be construed to an excessive length, so as t$embrace .the delivery of any unpleasant message, although the bearer of it might, b.e actuated by motives of friendship andfayor, and de-, Ijvrered nothing but truth* It might yet disturb and *124 agitate the mind, and the execution of a wiit, like the-Preserd> could do no more; and it may be as plausibly argued that the former was as clearly included as the latter. But the act confines the disturbance to the person, and not the mind alone, and, therefore, must mean some mode of disturbance other than those acts specified in the act, of which the senses could then take cognizance, and not such as might wound the feelings only, and in its remote consequences, disturb either the person or property. Indeed, it would hprdly be proper to construe the execution of legal process, which barely notified the member to appear at some future day, to answer some legal complaint in a court of justice, within the act, unless it had been expressly named. Such process may be issued as a matter of right, by every citizen, and, of course, an act which limits it, ought to he strictly construed. It has been argued, that considerable inconvenience might result from this doctrine to the members of the general assembly, because thereby they might be compelled to litigate their controversies at the capital, instead of in their proper counties. It may be replied, that every citizen who visits Frankfort, and all the other officers of government who do not reside here, are liable to the same inconvenience. But a more forcible reply will be found in the act itself. It did not contemplaté the removal of future inconvenience, after the session was over, and perhaps after the term of service was ended; but the personal disturbance only, to the member, during his official duties. The design of the legislature was, to restrain inroads upon the privilege of a member, in the modes pointed out, and then, lest the invention of the turbulent and ill-behaved, might resort to some other mode not specified, but yet as injurious to the member, the words were added out of abundant caution, “ or otherwise disturb the person.” We, therefore, conceive that the service of the process in question, is not within the letter, nor can it be reasonably construed to be within the spirit of the act in question, and the court below did right m overruling the plea of privilege.
The judgment must, therefore, be affirmed with costs.