Chief Justice Robertson
delivered the Opinion of the Court.
John Howard, an infant boy of color, seeks the reversal of a judgment rendered against him, in an action of trespass against John Samples, on an issue upon a plea that he (Howard) is a slave.
The plaintiff derives his claim to freedom from a conveyance of his mother and himself from their master, John Howard, now dead, to his son, James P. Howard, by a deed executed on the 23d of January, 1830, and recorded, on proper proof, during the same month; and from a deed of manumission executed by James P. Howard, in open Court, on the 14th of February, 1831, emancipating him (the plaintiff,) at the death of the grantor’s father, then living, but who died in 1835, only a short time prior to the commencement of this suit.
The defendant resists the plaintiff’s right to freedom, upon parol evidence of a lost writing, purporting to transfer him, by gift, from James P. Howard, in March, 1830, to himself (the defendant) and one William Story, as husbands of the said James’ sisters.
It appears, from the bill of exceptions, that the possession of the plaintiff remained in John Howard, his original master, until his death, and had never been actually delivered, either to James P. Howard, or to the defendant or Story; and that the writing said to have been. *307 given by James P. Howard to the defendant and Story, was, at the time of its execution, deposited with the father and father-in-law, John Howard, and was not seen after his death, although his papers had been examined.
It appears, also, that, after the death of John Howard, the defendant, as one of his administrators, seemed to claim the plaintiff as belonging to the intestate’s estate.
Upon these facts, the Circuit Judge instructed the jury that, if they believed that a deed of gift had been delivered, in March, 1830, by James P. Howard, to the defendant and Story, or to any other person for their use, they should find a verdict for the defendant.
That instruction presents the only point we shall consider.
There is no reason to doubt that the title to the plaintiff had passed to James P. Howard, by the deed of January, 1830, and that, therefore, he had a right to emancipate the plaintiff, and did so, effectually, though prospectively, by his deed of February, 1831 — unless he had been divested of his legal title by the alleged instrument of March, 1830, and had no title at the date of the deed of manumission.
But the execution and delivery of the writing, of March, 1830, cannot, as assumed in the instruction, conclude the question as to the right of James P. Howard at the date of the declared emancipation — for three reasons.
First. As there was no proof of actual possession by the donees, or either of them, under the writing of March, 1830, or of the registration of the memorial of gift, no title whatsoever passed by it, from the donor. Pyle vs. Maulding, 7 J. J. Mar. 202.
Second. If any title passed by that writing, still, as there was no proof of the extent or duration of the interest thus alleged to have been given, the jury were not — as the instruction necessarily implied — bound to decide that James P. Howard had given to the donees his entire right, during the plaintiff’s life, or for a longer term than his father’s life.
Third. Upon the facts proved, the jury should have been permitted to determine for themselves, whether *308 the alleged gift of March, 1830, had it been effectual, had not been cancelled prior to the 14th of February, 1831; for certainly there is some ground for such an inference.
Wherefore, it is considered that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.