## DOWNES AND COMPANY vs. EDWARD B. CHURCH.

The plaintiffs in an action on the second set of a foreign bill of exchange, which was pro-
tested for non-acceptance, with the protests thereto attached, can recover, without pro-
ducing the first of the same set, or accounting for its non-production.

ON a certificate of division from the Circuit Court of the United States for the district of Mississippi.

This was an action of assumpsit founded on the second of a foreign bill of exchange, by the endorsee against the endorser, for non-acceptance. The plaintiffs declared upon the "second" of the set of exchange, which "second of the set" was protested for non-acceptance; and the same, with the protest thereto attached, was read in evidence to the jury. Whereupon a question arose, whether the plaintiffs could recover upon the said second of exchange, without producing the first of the same set, or accounting for its non-production; upon which the judges were opposed in opinion. Whereupon the same was ordered to be certified to the Supreme Court of the United States.

The case was submitted to the Court, on a printed argument, by Mr. O. Hoffman, for the plaintiff. No counsel appeared for the defendant.

Mr. Hoffman stated :—

The only question that arises is, whether the plaintiff can recover upon the second of exchange, without producing the first of the same set, or accounting for its non-production.

These bills are so many securities for the same debt, and so drawn for convenience, and to avoid accident. Where one is paid, the one so paid has discharged the duty of the whole, and the others cease to have legal existence. They contain this very condition on their face; and show that each has a full operation, dependent only upon the rest not having discharged their office.

If one is sufficient to present, so as to authorize the holder to demand payment, it would seem to follow, as a matter of course, that that which gave the right to demand payment or acceptance would be sufficient to support an action for non-payment or non-acceptance. If the presentation of one is sufficient to create a liability, that one must be sufficient to support an action founded on such liability. Whatever gives the right, must be enough to sustain the remedy.

Not a single case has been found where the objection has been taken or decided by the Courts, although the books abound with cases where the objection would have applied. The only exception to the general rule that either one of the set can perform the office of all the set is, that the particular bill protested must be the one declared upon and given in evidence, in order to save the drawer or endorser from liability to the person who may ha   interfered,

VOL. XIII.—S

SUPREME COURT.

[Downes et al. *vs.* Church.]

supra protest, for his honour. Chancellor Kent says: "If several parts, as is usual, of a bill of exchange be drawn, they all contain a condition to be paid, provided the others remain unpaid, and they collectively amount to one bill, and a payment to the holder of either is good, and a payment of one of a set is payment of the whole.

"The drawer or endorser to be charged on non-acceptance or non-payment is entitled to call for the identical bill or No. of the set protested, before he is bound to pay, and it would be sufficient to produce it at the trial or account for its absence; as, without it, he might be exposed to claims from some bona fide holder or person, who had paid it, supra protest, for his honour." 3 Kent's Com. 109.

The same doctrine was still more strongly recognised by the Court in Kenworthy *vs.* Hopkins, 1 Johnson's Cases, 107; which case the Court will find cited and commented upon in Wiles *vs.* Whitehead, 15 Wendall, 527.

In this latter case, the Court decided that the set actually protested must be produced in a suit brought by endorsee against endorser, to guard against a subsequent claim by an acceptor, supra protest. The Court say "that the identical bill protested must be presented.

"It is true, as a general rule, that payment of one of the set is payment of the whole; but if the drawer or endorser is entitled to call for the identical bill dishonoured, before he is obliged to pay it; the omission to do so would subject him to the charge of negligence, and make him accountable to any person who had accepted it for his honour.

"His security, therefore, requires that he should be allowed to call for the bill protested, before a recovery is permitted to be had against him."

There is a dictum in Starkie, that "in case of foreign bills drawn in sets, both the sets should be produced." 2 Starkie on Evidence, 142. But no authorities are cited to support this, and it is in hostility to the reasoning of the authorities to which I have referred.

Mr. Justice STORY delivered the opinion of the Court:—

This is the case of a certificate of division of the judges of the Circuit Court, for the district of Mississippi. The action was assumpsit, founded on the second part of a foreign bill of exchange, by the endorsee against the endorser for non-acceptance. The plaintiffs declared upon the second of the set of exchange; which second of the set was protested for non-acceptance, and the same, with the protest attached thereto, was read to the jury. Whereupon a question arose, whether the plaintiffs could recover upon the said second of exchange without producing the first of the same set, or accounting for its non-production; upon which question the judges were opposed in opinion. And the same has been accordingly certified to this Court under the act of Congress.

We are of opinion that the plaintiffs are entitled to recover upon the second of the set without producing the first, or accounting for its non-production. No authority has been referred to which is

[Downes et al. *vs.* Church.]

exactly in point, nor are we aware that the question has ever been judicially decided.   Mr. Starkie, in his work on Evidence, (part iv. p. 228, 1st edit. has said, " In the case of a foreign bill drawn in sets, both the sets should be produced."   But for this proposition he has cited no authority.   The question, must, then, be decided upon principle.   The object of drawing a foreign bill in sets is for the convenience of the payee, or other holder, to enable him to forward the same for acceptance by different conveyances, and thus to guard against any loss, by accident or otherwise, which might occur if there were but a single bill.   But from the very frame of the set, if cne is paid or discharged by the acceptor, or other party liable on it, he is ordinarily discharged from the others; since each part contains a condition, that it shall be payable only when the others remain unpaid.   Now, when one of the set is protested for non-acceptance, and due notice is given to an endorser, and on the trial of an action brought against him by the endorsee, the same bill of the set on which the protest is made is produced, that is prima facie proof of his being responsible thereon.   Either of the set may be presented for acceptance, and, if not accepted, a right of action presently arises upon due notice against all the antecedent parties to the bill, without any others of the set being presented; for it is by no means necessary that all the parts should be presented for acceptance before a right of action accrues to the holder.   Under such circumstances, it is properly a matter of defence on the other side, to show either that some other bill of the set has been presented and accepted, or that it has been presented at an earlier time and dishonoured, and due notice has not been given; or that another person is the proper holder, and has given notice of his title to the party sued; or that some other ground of defence exists which displaces the prima facie title made out by the plaintiff.   The law will not presume that the other bills of the set have been negotiated to other persons, merely because they are not produced.   And the endorser is not put to any hazard or peril by the non-production of them; since, like the acceptor, if he once pay the bill, without notice of any superior adverse claim, by a negotiation of another of the set to another party, he will be completely exonerated.   On the other hand, great inconveniences might arise from compelling the plaintiff to produce the other parts of the set, or to account for their non-production; as he might not be able satisfactorily to prove that they had not been negotiated, or that they had been lost.   In short, if the plaintiff, before he could recover, were required to produce or to account for all the parts of the set, he would be obliged, in every case where the bills had been transmitted by different conveyances abroad, to arm himself with proofs of every stage of their route and progress, until they should come back again into his hands, as preliminaries to his right to recover upon their being dishonoured. Such a requirement would create most serious embarrassments in all commercial transactions of this sort; and instead of bills drawn in sets being a public convenience, they would be greatly obstructed

in their negotiability, since the rights and the remedies of the holder might be materially impaired thereby. We are therefore of opinion, that the question upon which the judges of the Circuit Court were opposed, ought to be answered in the affirmative; and we shall send a certificate to the Court accordingly.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the district of Mississippi, and on the point and question on which the judges of the said Circuit were opposed in opinion, and which was certified to this Court for its opinion, agreeably to the acts of Congress in such case made and provided; and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the plaintiffs in this case could recover upon the second of a foreign bill of exchange, which was protested for non-acceptance with the protest thereto attached, without producing the first of the same set, or accounting for its non-production. Whereupon it is ordered and adjudged by this Court, that it be so certified to the said Circuit Court accordingly.