## HAZZARD v. SHELTON.

1. Where the holder declares upon one of a set of exchange, it is not necessary to account for the non-production of the rest; any ground of defence which may arise in reference to another of the set, it devolves on the defendant to make.

2. An allegation in a declaration, "that the notary, *at, &c. aforesaid*, made diligent search, and inquiry for the said acceptor," is a sufficient allegation, that inquiry and search was made in Mobile, it having been previously alledged, that the bill was directed to Charles Byram, Esq. Mobile.

Error to the Circuit Court of Pickens. Before the Hon. S. Chapman.

ASSUMPSIT, by the plaintiff in error, as indorsee of a bill of exchange, drawn by the defendant in error, (and one Wightman,) indorsed to the plaintiff by Reese & Heylin, and accepted by Charles Byram. In the declaration, the bill is described as their second of exchange, (first of the same tenor and date unpaid;) and that the bill was directed to Charles Byram, Esq. at Mobile, and by him accepted.

The dishonor and protest of the bill are thus stated: "When said bill became due and payable, to wit, at, *&c.* Sidney J. Douglass, notary public, at the request of the said plaintiff, with said bill in hand, did make diligent search and inquiry for the said acceptor, said Charles Byram, Esq. in order to demand payment of said bill, but could not find him, or find any one authorized to pay said bill, said notary public did, at the request of the said plaintiff, then and there protest," *&c.*

There is no allegation in reference to the *first* of the set.

The defendant demurred to the declaration, which was sustained by the court, and judgment final rendered for the defendant.

This is now assigned as error.

PECK, for plaintiff in error, cited 1 Saunders on P. & E.

264-5; Downs & Co. v. Church, 13 Peters, 205; Taylor v. Branch, 1 S. & P. 250.

HUNTINGTON, contra.

1. The practice in pleading, whereby the first of exchange only is noticed, when action is brought upon it, does not apply to cases when the action is brought upon the second; in these latter the first must be vouched in the declaration, or its absence (as by loss or otherwise) accounted for.

2. The declaration should have alledged that search was made for Byram, (the acceptor,) either in Mobile, or else in the last place of his residence.

COLLIER, C. J.—It is common, and the practice is of long standing, for the drawer to make and deliver to the payee several parts, usually designated a set of the same bills of exchange, each one of which states upon its face, that either part of the set being paid, the bill is to be considered discharged. A bill is thus drawn to avoid delays and inconveniences, which might otherwise arise from its loss or miscarriage, and also to enable the holder to transmit the same by different conveyances to the drawee, so as to insure the most prompt and speedy presentment for acceptance and payment. Chitty on Bills, 9 Am. ed. 175-6; Story on Bills, §§ 66, 67. The *bona fide* holder of any one of the set, if accepted, it is said may recover the amount from the acceptor, who would not be bound to accept any other of the set, which was held by another person, although he might be the first holder. So payment to the holder of one part, will be a complete discharge of the acceptor as to all the other parts. Id. 176; Id. § 226. If one of the parts has been accepted, the payment of another unaccepted part will not liberate the acceptor from liability to pay the holder of the accepted part, and such acceptor may therefore refuse to pay the bearer of the unaccepted part, and may compel him, if he suggests that he has lost the accepted part, to find sureties against his liability to pay the accepted part. See Wells v. Whitehead, 15 Wend. Rep. 527; Chit. on Bills, *supra*. And it would seem to have been held, that a person to whom any part of the set is first transferred, acquires a property in all the other parts,

and may maintain trover even against a *bona fide* holder, who subsequently, by transfer or otherwise, gets possession of another part of the set. Holdsworth v. Hunter, 10 Barnw. & C. Rep. 449; Perriera v. Jopp, Id. 450, note, a. It is said by Mr. Starkie, in his Treatise on the Law of Evidence, (2 vol. 228, 1 ed.) that in an action against the acceptor upon a bill drawn in sets, the different parts of the set must be produced; but the learned author cites no authority for the position. Chancellor Kent says, " If several parts, as is usual, of a bill of exchange, be drawn, they all contain a condition to be paid, provided the others remain unpaid, and they collectively amount to one bill, and a payment to the holder of either is good, and a payment of one of a set, is payment of the whole. The drawer or indorser to be charged on non-acceptance, or non-payment, is entitled to call for the protest, and the identical bill, or member of the set protested, before he is bound to pay; and it would be sufficient to produce it at the trial, or account for its absence. His rights attach to the bill that has been dishonored, and he is entitled to call for it. He may want it for his own indemnity, and without it he might be exposed to claims from some *bona fide* holder, or person who had paid it *supra protest* for his honor." 3 Kent's Com. 75-6, 1 ed.; Powell v. Roach, 6 Esp. R. 76; Kenworthy v. Hopkins, 1 Johns. Ca. 107; Durkin v. Cranston, 7 Johns. R. 442; Ingraham v. Gibbs, 2 Dal. Rep. 134. See Usher's Ex'r v. Gaither's Ex'rs, 2 H. & Mc-Hen. Rep. 457.

In Downes & Co. v. Church, 13 Pet. Rep. 205, it was decided, that where the holder of one of a set of exchange, which has been protested, and due notice thereof given to the indorser, brings an action thereon against the indorser, and upon the trial produces the bill to which the protest is attached, it is not incumbent upon him to produce or account for the non-production of the other parts of the set. That it is not necessary for each part of the set to be presented for acceptance before the right of action accrues. If one of the other parts has been accepted or paid; or presented at an earlier time and dishonored, and due notice not given thereof; or if some other person is the holder, and has given notice of his title to the party sued; these are matters of defence

which the indorser may establish. The law will not presume that the other bills of the set have been negotiated to other persons, merely because they are not produced. Nor can the indorser be prejudiced by their non-production; for if he pays the bill without notice of any superior adverse claim, under a negotiation of another of the set to a third person, he will be discharged from liability. See Posey and Coffee v. The Decatur Bank, 12 Ala. Rep. 802.

In the case at bar, it is inferable from the number declared on, that the bill was drawn in a set of two parts, and that each was a counterpart of the other, save that one was called the "first," and the other the "second of exchange." Each part requests the drawee to pay it, if the other is "unpaid," and is equivalent to a direction to pay it only in that event. The payment of one part then, according to the literal import of the paper, is a complete compliance with the request of the drawer, and if the drawee has not accepted the other part, he is under no obligation either to accept or pay it. If he is in any manner chargeable upon it, or to some other person than the plaintiff, it devolves upon him to prove it, as a ground of defence, and the holder need not negative by proof the existence of such a state of facts.

This argument is not inappropriate to the case of a drawer when sued for the default of the drawee. If he pays the accepted part without notice of the adverse claim of some third person, under another of the set, he cannot be charged a second time upon the latter. Here the holder of the accepted number is asking a judgment upon it. The payment of it, we have seen, would be proper, and operate a discharge of the liability indicated by the entire set; and the authorities cited are direct to establish, that if a demand of payment is properly shown or excused, then he is entitled to recover.

It is distinctly alledged, that on a specific day, which was the third day of grace, "at, &c., aforesaid," that is, at Mobile, where the bill was payable, the notary public, with bill in hand, did make diligent search and inquiry for the acceptor, and not being able to find either him, or any one who was authorized to pay the same for him, did, at the request of the holder, protest the same; of all which, afterwards, on

Vol. 15—9

the same day, the drawers had notice.   True it is not stated
in *totidem verbis* that search and inquiry was made for the
acceptor in Mobile, yet if it be necessary to particularize the
place where search was made, we think this is sufficiently
done by the terms "at, &c., aforesaid," which refer back to
what precedes, and makes all sufficiently certain.   Such is
certainly the case where we do not recognize special demur-
rers.   1 Saund. Pl. & Ev. 264-5; Taylor v. Branch, 1 Stew.
& P. Rep. 249; Kennon v. McRae, 7 Port. Rep. 175.   This
view answers the objections to the declaration—it follows,
that the demurrer was improperly sustained.   The judgment
is therefore reversed, and the cause remanded.