J edge If is e
delivered the opinion of the Couit.
Andrew Chadoin, sen., in his lifetime'executed and delivered to each of his three sons, Thomas G., John W., and Andrew Chadoin, instruments in writing, dated 2d day of September, 1845, of which the following is a copy:
“For and in consideration of $300, I have this day agreed to let John W. Chadoin have a certain negro *384 boy by the name of George, about eighteen or twenty years of age. I, Andrew Chadoin, sen., is to keep said negro in my possession as long as I live, and at mv death said JohnW. Chadoin is to take possession of said negro, and is to discount three hundred dollars out of his part of my estate. I further warrant and defend the right and title of said negro from ‘all and every claim whatever.
“In testimony whereof, I set my hand and seal this 2d day of September, 1845.

his

Andrew >>< Ciiadoin, Sen. mark.
‘Attest: Tiiomas G. Ciiadoin.”
The two other instruments, executed at the same time and afterwards delivered to Thomas Gi and Andrew Chadoin, are substantial copies of the above, bearing the same date, and all written by Thomas G. Chadoin, except the slaves named in each are different, and the names of the donees are different.
Under these instruments, after the death of Andrew Chadoin, sen., who died intestate, Thomas G. Chadoin and John W. Chadoin, both having qualified as administrators of the intestate’s estate, and Andrew Cha-doin, each took possession of the slave named in the respective written instruments which had been delivered to each of them, and claimed them as their own property.
A portion of the heirs and distributees of Andrew Chadoin, sen., deceased, there being ten in all, institute a suit in chancery for a settlement with the administrators, for a sale of the slaves and for a division and distribution of intestate’s estate. In the progress of the cause, and before final decree, by amended pleadings, the question was presented, whether Thomas G., John W. and Andrew Chadoin acquired the title to the slaves claimed by them, in the manner above stated ; or whether they belonged to the estate of the intestate, and were subject, with the residue thereof, to be divided amongst his heirs?
A gift.of a slave, though evl-delieed by writing passes no title to the donor, unless possession be, delivered (be donee or the instrument be properly recorded, (2 slat, law 1480,) 7 B. Moa. (582, 5 Dana 307, 7 J. ./ Marshall 205.)
Harlan for appellant? Craddock and Harding for appellees.
It is the opinion of this Court That no title to the slaves, whatever,- passed from Andrew Chadoín, sen., deceased, to Thomas G., John W. and Andrew Cha-doin, by virtue of said instruments of writing, or in anjt other manner, so far as shown by the proof in the cause. These slaves were not delivered "to the donees in the lifetime of the intestate; nay, the writings each provide that the donor shall retain the possession during his life, and a parol gift of a slave, unaccompanied by the actual delivery of such slave, passes no interest or title whatever; so a gift of slaves not delivered, though evidenced by any written instrument except it be by will or deed duly executed, witnessed or acknowledged and recorded in due time and in the proper office, will pass no title whatever to the donees. — See 2d Statute Law, 1480; 7 B. Monroe, 582, Clark’s administrator vs Buckner; 5 Dana, 307, Howard vs Samples; 7 J. J. Marshall, 205, Pyle vs Maulding.,
The writings in question were not acknowledged, or proven and recorded, in the .time and manner required by the statute. They could not be regarded as testamentary dispositions by the intestate of these slaves,because they were not executed,.published and attested in the manner required bylaw to give them that effect. They were executed without consideration, as the pleadings and proof show, the parties could not hold them as advancements, and account for them at three hundred dollars, as provided in the writings, and which was not half the value of each slave, because they were not delivered or received as such during the life of the intestate.
The decree of the Circuit Court, otherwise corect in-principle and detail, having been rendered in conformity with this opinion, is affirmed.