JUDGE DUVALL
delivered the opinion of the court:
Overfield brought this action against the administrator of Mary Sutton, deceased, for the recovery of a female slave which the plaintiff alleges the decedent conveyed to him by a deed of gift executed by her on the 21st day of May, 1856. The deed is exhibited with the petition, and purports to “give and bequeath” to the plaintiff, the slave in contest, “in consideration of the high esteem I have for my beloved grand-son.” It was attested by a single witness, Royster, by whom its execution was proved before the clerk of the Henderson county court, and was admitted to record on the 28th August, 1856, Mrs. Sutton having previously died.
In an amended petition it is alleged that at the time the deed of gift was made, the plaintiff and his grandmother (Mrs. Sutton) were, and had been for some years previously, residing together, and that the slave in contest had continued in her possession until her death, after which her administrator took the slave into his possession, as part of her estate.
A verdict and judgment having been rendered against the plaintiff, he has prosecuted this appeal.
The only material question which the case presents is, whether the writing on which the claim of the appellant is founded, invested him with a valid title to the slave.
The solution of this question depends upon the construction and effect to be given to the several provisions of the Revised Statutes which prescribe the mode in which the title to slaves may be acquired by gift.
By the 41st section of the Act of 1798, (2 Stat. Law, 1480,) it is declared that no gift of a slave should be sufficient to pass any estate in such slave, unless the same be made by will duly proved and accorded, or by deed in writing, to be proved by two witnesses at least, or acknowledged by the donor, and recorded in the county court, &c. The 42d section provides that the act shall not be construed to extend to gifts of *623 Buch slaves as have at any time come into the possession of, and remained with, the donee. And the 43d section saves the rights of creditors and purchasers, until the donee shall have remained in possession at least three years.
The preamble to the 41st section set forth, as the leading object to be accomplished by its enactment, the prevention of the frauds which had been committed by means of secret gifts of slaves, whereby creditors and purchasers had been deprived of their just debts and purchases; and hence it was insisted that deeds of'gift of slaves, without recording, and without change of possession in fact, should be held valid and effectual, as between the parties to the deed. But it was decided by this court, in numerous cases involving the construction of this statute, that such deeds did not pass the title, even from the donor to the donee, unless accompanied by the possession of the slave, or unless recorded in the mode and within the time prescribed by the 41st section; that the language of this section was, in substance, like that of 27 II. VIII, requiring deeds of bargain and sale to be recorded, in each of which the declaration is in substance, that “no title shall pass, &c.” (Pyle vs. Maulding, 7 J. J. Mar., 205; Howard vs. Samples, 5 Dana, 307; Mahan, &c., vs. Mahan, 7 B. Mon., 582; Chadoin vs. Carter, &c., 12 B. Mon., 383.)
Thus stood the law upon, this subject from 1798 up to the time the Revised Statutes were adopted. And the only remaining inquiry is, what change, if any, has been made by such of the provisions of the Revised Statutes as relate to the same subject?
By section 7, art. 1, of the chapter on slaves, &c., (Rev. Slat., p. 628,) it is declared that “no gift of a slave shall pass the title, or be good against creditors or purchasers, unless it be made by will, duly proved and recorded, or by deed in writing acknowledged by the donor before the clerk of the county of his residence, or attested by two witnesses, and proved by one of them before such clerk, and lodged for record, except where the possession of the slave, at the time of the gift, be in fact delivered to the donee, and in good faith continued with him; nor shall such gift, when evidenced by deed recorded, affect *624 the rights of a pre-existing creditor of the donor, until the donee shall, in good faith, have had three years’ continued possession of said slave.”
That this section was intended as a substantial re-enactment of the three sections of the act of 1798, supra, as interpreted and expounded by the decisions referred to, is, we think, perfectly obvious. Certainly there is nothing in the mere change in the phraseology, or in the fact that the substance of the three sections of the prior statute was embodied in one section of the Revised Statutes, to authorize the inference that any radical modification of the law itself was intended. Although, in the revision of our statutes, essential changes have been made, and new provisions introduced, yet the great body and substance of the former statutes have been re-enacted and retained, although remodeled in phraseology and arrangement. The rule laid down by the courts of New York, in respect to their revision of 1801, is equally applicable to our own — that where the law was antecedently settled by clear expressions or adjudications, the mere change of phraseology was not to be construed a change of the law, unless such phraseology evidently purported an intention to work a change. (24 Wendell, 47.)
The deed of gift under which the appellant claims in this case, not having been acknowledged by the donor, nor attested by two witnesses, as required by the statute, did not pass the title to the donee, the possession not having been delivered at the time. As already stated, the donor and the appellant resided together at the time of the execution of the writing, and in such cases no possession of the donee at the place of their residence can be deemed a sufficient possession within the meaning of the statute. (Rev. Stat.,sec. 3, p. 196.) And it may be proper to remark, in answer to a suggestion made in argument, that this section cannot be construed to influence the construction of the seventh section, supra. (Pyle vs. Maulding, 7 J. J. Mar., 206.)
From what has been said, it results that the court below properly instructed the jury to find for the appellee, and the udgment is affirmed.