CASE 74—APPLICATION BY KATHERINE D. LEWIS FOR A WRIT OF PROHIBITION AGAINST SHACKELFORD MILLER, JUDGE, TO PREVENT HIM FROM PROCEEDING WITH THE TRIAL OF AN ACTION.—MAY 20.

# Lewis v. Miller, Judge.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

WRIT DENIED.

SUMMONS—SERVICE—EXEMPTION.

Held:  1. Civ. Code, section 81, provides that in certain actions a defendant who is summoned out of the county in which such an action is brought, and who had not resided therein when the action was begun, can not be summoned in that or any other action of the plaintiff while visiting such county to defend the first-named action. Section 542 provides that a witness shall not be liable to suit in a county in which he does not reside, by being served with a summons in such county while going, returning, or attending in obedience to a summons. After creating certain indebtedness, plaintiff's father left the State without providing for the payment thereof, and later died.

Plaintiff was temporarily in the State to testify in an appeal which she had taken from the judgment probating her father's will, and was served with summons in a suit against her by her father's creditor, in which it was alleged that she had received more than the amount of the creditor's claim from her father's estate. HELD, a valid service.

R. H. CUNNINGHAM AND W. PRATT DALE, ATTORNEYS FOT PETITIONER.

POINTS AND AUTHORITIES.

1. This court has full power and authority to issue a writ of prohibition for the reason that the court below has acquired no jurisdiction over the person of the defendant. Constitution of Ky., sec. 110; Ky. Stats., sec. 949; Freeman on Judgments, sec. 118; C. & O. S. W. R. R. Co. v. Heath's Admr., 87 Ky., 651; Preston v. Fidelity Trust & Safety Vault Co., 94 Ky., 256; Goldsmith v. Owen. 95 Ky., 420; Louisville Svgs. L. & B. Asso. v. Harbeson, Judge, 21 Ky. Law Rep., 278; Hindman v. Toney, 97 Ky., 413; Weaver v. Toney, 21 Ky. Law Rep., 1157; Shackelford, Clerk, v. Patterson, Judge, 23 Ky. Law Rep., 316; L. & N. R. R. Co. v. Miller, 23 Ky. Law Rep., 1714.

2. The court has also full power and authority to issue a writ of prohibition in the exercise of its revisory power over the inferior court as the petitioner has no adequate remedy by appeal. L. & N. R. R. Co. v. Chestnut, 24 Ky. Law Rep., 1846; Grace v. Taylor, 4 Ky., 430; Graves v. Hughes, 7 Ky., 84; Wharton v. Clay, 7 Ky., 167; Hockaday v. Commonwealth, Adkins, 20 Ky., 12; Brandford v. Gillespie, 38 Ky., 67; C. & O. S. W. R. R. Co. v. Heath's Admr., 87 Ky., 651; Thompson v. Moore, 12 Ky. Law Rep., 664; Lillard v. Brannin, 91 Ky., 511.

3. The petitioner was exempt from service of process at the time the summons was served upon her. Wood v. Wood, 78 Ky., 624; Parker v. Marco, 136 N. Y., 585; Pierson v. Greer, 66 N. Y., 124; Matthews v. Tufts, 97 N. Y., 568; Bridges v. Sheldon, 7 Fed. Rep., 544; Larned v. Griffin, 12 Fed. Rep., 592; Andrews v. Lembeck, 46 Ohio, 533; Lampkin v. Starkey, 7 Hun, 479; Fisk v. Westover, 4 So. D., 233; Mitchell v. Huran, Circuit Judge, 53 Mich., 541; Bolgiano v. Gilbert Lock Co., 73 Md., 173; Massey v. Colville, 45 N. J. L., 113; Halsey v. Stewart, 1 South, 307; Sungan v. Miller, 8 Vroom, 182; First Nat. Bk. of St. Paul v. Ames, 39 Minn., 173; Merrill v. George, 23 Howard Pr., 332; Sandford v. Chayce, 3 Cow., 382; Wilson v. Donaldson, 117 Ind., 356; Christian v. Williams, 35 Mo. App., 297; Bolz v. Crome, 67 Pac. Rep., 1108; Cameron v. Roberts, 87 Wis., 291; In re

Healey, 53 Vt., 694; Henegar v. Spangler, 29 Ga., 217; Palmer v. Rowan, 21 Neb., 452.

Cases explained. Bishop v. Vose, 27 Conn., 1; Greer v. Young, 120 Ill., 187; Catlett v. Morton, 4 Litt., 102; Johnson v. Offutt, 4 Metc., 19; Legrand v. Bedinger, 4 Mon., 539.

4. The provisions of the code have no effect upon the relief here asked for. All the provisions of our code are in the affirmative and have no effect upon the common law rule other than to extend it so as to grant the immunity allowed at common law to non-resident parties and witnesses, to parties and witnesses attending from other counties of the State in obedience to the process of the court. Secs. 7881, 542, 665 and 666 of the Civil Code; Fisk v. Westover, 4 So. D., 233; Eccles v. Stephenson, 3 Bibb., 517; Lillard v. Magee, 4 Bibb, 166; Lee v. Forman, 3 Metc., 144; Southerland on Statutory Constructions, sec. 200; Endlich on Interpretation of Statutes, sec. 127.

HARRIS & MARSHALL, for defendant, Miller.

The ground for the writ of prohibition is that Judge Miller erred in overruling Mrs. Lewis' motion to quash the summons which was served upon her. To correct such errors, if errors they be, by writ of prohibition would be a speedy means of relief, but it is not the usual course of procedure.

We understand the reason why this procedure is taken is by taking an appeal will operate as an entry of appearance under the ruling in the case of C. & O. R. R. v. Heath, 87 Ky., 651.

We do not understand that this court will grant a writ of prohibition in order to enable a litigant to escape a rule of law which he may consider inconvenient or unreasonable.

The court has never granted the writ where the court below had jurisdiction to give the relief sought in the action. Goldsmith v. Owen, 95 Ky., 420; Louisville Assn. v. Harbeson, 21 R., 278; Preston v. Fidelity Trust Co., 94 Ky., 297; Hindman v. Toney, 97 Ky., 414; Weaver v. Toney, 107 Ky., 419; Campbellsville Co. v. Patteson, 24 R., 832; Shackelford v. Patteson, 23 R., 316.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—DENYING WRIT.

The plaintiff, Katherine D. Lewis, has applied to this court for a writ of prohibition against the Honorable Shackelford Miller, judge of the First division of the chancery branch of the Jefferson circuit court, to prevent him

from proceeding with the trial of an action instituted against her in the Jefferson circuit court by the Citizens' National Bank of Louisville. She alleges, in substance, that in January, 1875, the Citizens' National Bank recovered a judgment against her father, Blanton Duncan, deceased, for $1,750, with interest, upon which execution issued, and was returned, "No property found;" that on the 16th day of March, 1903, the bank instituted a suit against her on the debt, alleging that she had received more than the amount of their judgment from the estate of her father, as heir at law; and that summons was served upon her on this suit while she was temporarily in Kentucky for the purpose of testifying as a witness in an appeal which she had taken from the judgment of the Jefferson county court probating the will of her father; that she entered her special appearance in the action filed against her, and moved the court to quash the summons which was served upon her on the ground that she could not be legally sued under the circumstances; that Judge Miller overruled her motion to quash the summons, and will, unless prohibited by this court, proceed to hear and determine the action.

In support of this motion, we have been referred to numerous decisions of courts of last resort in other States, holding, in substance, a suitor or witness to be exempt from the service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party, or in which he is to be sworn as a witness. But this exact question seems not to have been adjudicated by the courts of this State. But in Catlett v. Morton, 14 Ky., 122, a member of the Legislature, while attending its deliberations, was sued for debt in the Franklin circuit court, and he pleaded his privilege as a member under the constitutional provision which provides: "No

person or persons shall under any pretense, directly or indirectly, or by any ways or means whatever, arrest, assail, menace or otherwise disturb the person of a member during his privilege except on legal process for treason, felony or breach of the peace." But it was held by this court, in an opinion by Judge Mills, that the only effect of this provision was to protect members from arrest, and that they were subject to the execution of any other process as other citizens. The rule laid down in this case was subsequently followed in Johnson v. Offutt, 61 Ky., 19. Privilege from arrest seems to have been the limit allowed suitors and witnesses at common law whilst going to, attending and returning from court on business connected with their suits. See A. & E. Ency. of Law, vol. 16, p. 40, and cases cited there. Greenleaf on Evidence (15th Ed.), sections 316, 317 and 318. An interesting history of the origin and reason of this rule at common law is given by Judge Reeve in King v. Coit, 4 Day, 129. He says: "When a member of Parliament was arrested, the ancient practice was to obtain a writ of privilege, not from the suit, but for the arrest, and a supersedeas issued to the court to stay the proceeding as long as the privilege of Parliament lasted. A more summary mode was afterwards had of obtaining a discharge by motion; but it was not from suit, but from arrest, and was so expressly laid down in the case of Pitt, Comyns, 444, Fortes, 342, Cas. t. Hardw., 28." The only statutory provisions which we have in force which bear upon the question is section 81 of the Civil Code, which provides: "In an action brought pursuant to section 78 a defendant who is summoned out of the county in which it is brought, and who had not resided therein when the action was begun, can not be summoned in that or any other action of the plaintiff while visiting such county for the sole purpose

of defending the first-named action." And section 542 of the Code provides: "A witness shall not be liable to be sued in a county in which he does not reside by being served with a summons in such county while going, returning or attending in obedience to a summons." It is evident that plaintiff can not support her contention under either of these provisions of the Code, as it is not contended that the Citizens' National Bank had anything to do with bringing her to this State, or that she came in obedience to any summons served upon her. After creating the debt sued for, plaintiff's ancestor voluntarily went beyond the jurisdiction of the courts of this State without making provision for the payment of his obligations. And it would be a great stretch of interstate comity to hold that Duncan would have been exempt from suit at the hands of his creditor if he had voluntarily returned to this State for the purpose of testifying as a witness or attending to litigation in which he was interested. Plaintiff, to the extent that she has received assets from his estate as his heir at law, occupies no better attitude. And it seems to us, both under the common law, the decisions of this court, and the statute law, in so far as they have any bearing upon the question, that plaintiff is not privileged from suit at the hands of the citizens of this State while voluntarily attending a trial in which she is interested, as a witness. The motion for a writ of prohibition is therefore overruled.