

Wheeler B. Boone, Lexington, Ky., for plaintiff.

Harbison, Kessinger, Lisle & Bush, Lexington, Ky., for defendant.

HIRAM CHURCH FORD, Chief Judge.

This case is submitted upon the defendant's motion for judgment on the pleadings or in the alternative for summary judgment upon the ground that the defendant, a resident of the State of Louisiana, was exempt from service of civil process in this case while attending the trial of another case in this Court.

There is no dispute in this record as to the fact that at the time of the service of summons upon the defendant in this case he was present in this state for the sole purpose of participating as a litigant in the trial of an action then pending in this Court and for no other purpose.

The present motion was filed after this case was removed to this Court.

In Stewart v. Ramsay, 242 U.S. 128, 129, 37 S.Ct. 44, 45, 61 L.Ed. 192, the rule upon which the defendant relies is stated by Mr. Justice Pitney thus:

"* * * The true rule, well founded in reason and sustained by the greater weight of authority, is that suitors, as well as witnesses, coming from another state or jurisdiction, are exempt from the service of civil process while in attendance

**Mark V. MARLOWE, Plaintiff,**

v.

**George O. BAIRD, Jr., Defendant.**

**No. 1383.**

United States District Court
E. D. Kentucky,
at Lexington.

May 19, 1961.

upon court, and during a reasonable time in coming and going."

The Court quoted with approval from Parker v. Hotchkiss, 1949, 1 Wall.Jr. 269, Fed.Cas.No.10,739, as follows:

"* * * The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify. Witnesses would be chary of coming within our jurisdiction, and would be exposed to dangerous influences, if they might be punished with a law suit for displeasing parties by their testimony; and even parties in interest, whether on the record or not, might be deterred from the rightfully fearless assertion of a claim or the rightfully fearless assertion of a defense, if they are liable to be visited on the instant with writs from the defeated party."

Without disputing the above stated rule, the plaintiff asserts that the law of Kentucky, contrary to the general rule, limits such immunity to witnesses under subpoena and persons under arrest (Lewis v. Miller, 115 Ky. 623, 74 S.W. 691) and claims that the right of immunity from process is one of substance which, under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is controlled by the law of the State.

In Vol. 2, Moore's Federal Practice, § 4.20, pages 950–952, it is said:

"The federal courts follow their own notions of fairness and expediency in immunizing nonresident parties, witnesses, and attorneys, while in attendance in connection with the conduct of one action, from the service of process in another action, because the immunity is said to be founded upon the convenience of the court and not upon that of the individual. Hence under the former procedure at law the matter was beyond the scope of the Conformity Act, which did not govern the personal administration of the federal judicial machinery. The decisions on this subject are unaffected by the Federal Rules which contain no express provisions on the matter; they are, therefore, still controlling. And since the rule concerning immunity may properly be regarded as one of judicial administration and hence procedural, Erie R. Co. v. Tompkins, would not make state law controlling.

"* * * A nonresident party in a federal court, plaintiff or defendant, is immune to service of federal process while attending his action; and where he was originally a plaintiff in the state court, the immunity will be extended to protect him from service in an action subsequently brought against him in the federal court, or brought in the state court against him and removed by him to the federal court * * *"

Page Co. v. MacDonald, 1923, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737; 42 Am. Jur. § 135, § 143 and § 144, pages 115, 124, 125; Hardie v. Bryson, D.C., 44 F. Supp. 67.

While there are cases to the contrary, the numerous authorities cited in support of the views expressed in Moore's Federal Practice are convincing that they are in accord with the great weight of authority.

■ Since, upon this authority, I reach the conclusion that the question presented is not controlled by the law of the State, it is unnecessary to determine what the law of Kentucky is in respect to the matter.

■ I am of the opinion that at the time defendant was served with summons herein he was immune from such serv-

ice on account of his having entered this state solely for the purpose of attending a trial in this court in which he was a litigant and such service of process is insufficient to bring the defendant within the jurisdiction of this court.

For the reasons indicated, this action should be and is dismissed for lack of jurisdiction. Hendrix v. Jenkins, D.C., 120 F.Supp. 879.