**Mark V. MARLOWE, Plaintiff-Appellant,**

v.

**George O. BAIRD, Jr., Defendant-Appellee.**

**No. 14677.**

United States Court of Appeals
Sixth Circuit.

April 11, 1962.

Wheeler B. Boone, Lexington, Ky., for appellant.

Ben L. Kessinger, Jr., Lexington, Ky., Harbison, Kessinger, Lisle & Bush, Lexington, Ky., on brief, for appellee.

Before CECIL and WEICK, Circuit Judges, and STARR, Senior District Judge.

PER CURIAM.

This case originated in the Circuit Court of Fayette County, Kentucky. Baird was a resident of Shreveport, Louisiana. He was served with summons in the case by a deputy sheriff of Fayette County in Lexington, Kentucky while he was there for the sole and only purpose of attending the trial of another action in which he was plaintiff and Marlowe was defendant being Civil Action No. 1230 pending in the United States District Court for the Eastern District of Kentucky.

Baird removed this case to the District Court on the ground of diversity of citizenship. The District Court then granted Baird's motion to dismiss on the

ground that the court lacked jurisdiction because Baird was immune from service of summons while he was in Kentucky attending the trial of the other case in the federal court. Marlowe's motion to remand was denied.

Marlowe contends here that under Kentucky law Baird was not exempt from service of summons citing as authority. K.R.S. 454.135, K.R.S. 421.180 and K.R.S. 454.130; Currie Fertilizer Co. v. Krish, 24 Ky.Law Rep. 2471, 74 S.W. 268; Lewis v. Miller, 115 Ky. 623, 74 S.W. 691; Kaufman v. Garner, C.C., 173 F. 550.

He argues that we should apply the Kentucky law under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

He concedes that Baird was immune from process under federal law which follows the general rule on the subject and is supported by the great weight of authority. Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 76 L.Ed. 720; Page Co. v. Macdonald, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737; Stewart v. Ramsay, 242 U.S. 128, 129, 37 S.Ct. 44, 61 L. Ed. 192; 42 Am.Jur. Sec. 142–144, pp. 123–126.

The District Judge, in dismissing the case, applied federal law and found it unnecessary to determine the law of Kentucky. In our judgment, the Kentucky authorities relied on to deny immunity are not as clear as appellant seems to think.

■ The rule of immunity from process is founded upon the necessity of judicial administration and operates to protect litigants and witnesses from being harassed, embarrassed or vexed while attending the trial of a case. Page Co. v. Macdonald, supra.

We think that the District Court had a clear right to protect its suitors. This right does not stem from local law, but is inherent in the powers of the federal court. Immunity from process is certainly a procedural matter concerning which the federal court was free to follow decisions of the Supreme Court. The holding in Erie Railroad Co. v. Tomp-

kins, supra, has no application. Moore's Federal Practice, Vol. 2, Sec. 4.20, pp. 950–952.

■ In our judgment, the appeal in the present case was timely filed and a misdescription of the order appealed from in the notice of appeal does not deprive this Court of jurisdiction.

We affirm the judgment of District Judge Ford.