## Case No. 17,161.

### WARD v. SEABRY.

[4 Wash. C. C. 426.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1823.

PRACTICE IN EQUITY—SUBSTITUTED SERVICE.

Practice of the court in equity cases, in reference to the service of the subpœna issued to the defendant, or his attorney, on the record of a suit at law.

[Cited in Sawyer v. Gill, Case No. 12,399; Segee v. Thomas, Id. 12,633; Cortes Co. v. Thannhauser, 9 Fed. 228.]

Seabry brought an ejectment in this court against Ward, and is also plaintiff in an injunction bill to stay waste. The counsel for Ward, after stating that a bill of discovery was intended to be filed in reference to the land in controversy, moved that service of the subpœna upon the solicitor of Seabry, who resides in the state of New York, should be deemed sufficient.

Mr. Wharton, for the motion.

WASHINGTON, Circuit Justice, informed the counsel that the bill must be filed before the motion could be attended to.

The bill being afterwards filed, it charged the defendant with fraud in obtaining from the plaintiff a title to the land by introducing it with other property into a lease by the defendant to the plaintiff, without the plaintiff's knowledge, and praying that the deed might be delivered up to be cancelled, and for an injunction to stay proceedings at law. The motion was then renewed.

WASHINGTON, Circuit Justice. In Hitner v. Suckley [Case No. 6,543], the plaintiff in the ejectment and in the injunction to stay waste, moved that service of the subpœna on the attorney of Suckley, who was plaintiff in an action at law in this court for slandering his title to the land in dispute, should be deemed good service. Suckley living in some other of the states. This motion was refused. This subject was again brought to the consideration of this court in the case of Eckert v. Bauert [Case No. 4,266]. The court again refused the motion, and stated, in their opinion, that a motion of this kind had never prevailed

in this court, except in cases of injunction bills to stay proceedings at law, and in cross causes. The practice of this court is in strict conformity with that of the English chancery court. 1 Newl. Ch. Prac. 65; 2 Madd. Ch. Prac. 327; 4 Brown, Ch. 478. The cases cited upon the present motion from 1 Har. Ch. Prac. (8th Ed.) 362, 363, are all cases of injunctions to stay proceedings at law. This is not strictly a cross cause, and has no one feature of a bill of discovery of facts in the defendant's knowledge, which may assist the plaintiff in his defence to the first cause. But it is an original bill, seeking relief, except so far as it asks an injunction to stay proceedings in the ejectment. If the injunction is granted, it must be upon the terms of the plaintiff confessing judgment in the ejectment, and releasing errors. If this is done, the court will grant the present motion. This being declined, the motion was overruled.

[Another motion to the same effect was subsequently made and overruled. See Case No. 17,160.]