[See Case No. 6,989.]

---

## Case No. 6,989.

### HYSLOP v. HOPPOCK et al.

[5 Ben. 533;[1]  6 N. B. R. 557.]

District Court, S. D. New York. Feb., 1872.

SUBSTITUTED SERVICE OF SUBPOENA.

1. On a bill in equity filed by an assignee in bankruptcy, a subpoena to appear and answer was issued, but could not be served on two of the defendants, by reason of their continued absence from the district. The assignee applied to the court to direct a substituted service, alleging that they had absconded to avoid service of process, and that they were in receipt of the rents and profits of the real estate which it was the object of the bill to reach, collecting them by means of their son, as their agent: *Held*, that the manner of serving a subpoena is regulated by the acts of congress, and the rules of the supreme court.

[Cited in Bowen v. Christian, 16 Fed. 731.]

2. If the defendants were inhabitants of the district, or found therein, the subpoena might be served as provided by rule 13.

[Cited in Romaine v. Union Ins. Co., 28 Fed. 639.]

3. If they were not such, there was no power in the court, under the acts of congress, to obtain jurisdiction over their persons.

[This was a bill in equity by Thomas Hyslop, assignee in bankruptcy of Ely Hoppock, against Ely Hoppock and his wife, to set aside certain conveyances as fraudulent. Service upon the defendants not having been

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

secured by reason of their absence from the jurisdiction, the plaintiff now asks for an order directing defendants to appear and answer, the order to be served by publication or otherwise, or that an order be made for service upon the son of defendants.]

A. G. Hull, for application.

BLATCHFORD, District Judge. The bill in this case was filed October 5th, 1871, to set aside certain conveyances of real estate, as fraudulent as against the creditors of Ely Hoppock, the bankrupt. A subpoena to appear and answer was issued, but cannot be served on the defendants Ely Hoppock and his wife, by reason of their continued absence from the jurisdiction of this court. Inquiry has been made at their last place of abode, but they cannot be found so as to be served with the subpoena, and it is alleged that they have gone out of the state, or otherwise absconded, to avoid the service of the process of this court. It is stated, that they are in the receipt of the rents of the property sought to be affected by the bill, and that their son, as their agent, receives the rents and transmits the same to them monthly. On these facts, the plaintiff asks that an order be made, directing said defendants to appear at a day to be named, and answer the bill, and that such order be served by publication or otherwise, or that an order be made for the service of the subpoena upon the said son of the defendants, for them, and that such service be deemed good service on them, and that thereupon an order be made directing an appearance to be entered for said defendants.

The ground on which this application is made is, that where the service of the subpoena cannot be made by ordinary means, a resort may be had to extraordinary means, such as service at the last place of abode, or on some other person; and that, by statute, in England, such substituted service on a receiver of rents is allowed.

I regard this whole subject, so far as service of the subpoena in this suit is concerned, as regulated by act of congress and by the rules established by the supreme court. Under the 11th section of the act of September 24th, 1789 (1 Stat. 79), if the defendants are inhabitants of the United States, this suit cannot be brought against them by any original process, in any other district than that whereof they are inhabitants, or in which they shall be found at the time of serving the process. If they are inhabitants of the United States and of this district, or are found within this district, the subpoena may, by rule 13 in equity, be served on them personally, or on the husband personally for the wife, or by leaving a copy at the dwelling-house or usual place of abode of each of them in this district, with some free white person who is a member or resident in the family. If they are not inhabitants of this

district, and are not found within this district, I know of no statute conferring on this court the power of obtaining jurisdiction over their persons in this suit, by any service of process made otherwise than in accordance with rule 13, or the power to make any one of the orders applied for. In the absence of any statute, or of any rule having the force of a statute, conferring such power, I must refuse the application.