Bowen, Receiver, etc., v. Christian and others.

*(Circuit Court, E. D. Michigan.* April 23, 1883.)

Substituted Service—New Parties—Order Vacated.

A receiver, appointed in a suit to wind up a partnership, filed a bill to set aside certain mortgages upon the partnership property as fraudulent, and obtained an order for substituted service upon the attorney in fact of the mortgagees. *Held*, that as this suit included new parties, not connected in any way with the plaintiff in the original suit, they could not be brought into court in this way, and the order for substituted service must be vacated.

In Equity. On motion to vacate an order for substituted service. The facts are substantially as follows:

Patrick McNichol having purchased, upon execution sale, the interest of one Geiger in the partnership of Geiger & Phelps, filed a bill in this court to obtain a dissolution of the partnership, a sale of the assets, and a distribution of the proceeds. *McNichol* v. *Phelps*, 16 Fed. Rep. 8. These assets were incumbered by certain chattel mortgages given to creditors by Geiger individu-

ally, and by the firm, which were placed in the hands of Mr. Wilcox, an attorney of this court, for collection, as trustee for all these creditors. In the course of this suit the complainant, Bowen, was appointed receiver of the partnership assets, and under the authority of this court sold these assets, and holds the proceeds to await the further order of the court. For the purpose of determining the validity of these mortgages, which is in dispute, he filed this bill against the several mortgagees, who were all, except Christian, non-residents, praying that the same may be set aside and held to be null and void. An order for substituted service upon Mr. Wilcox, the agent and trustee of the mortgagees, was granted. This order the defendants, appearing especially for that purpose, move to vacate.

The affidavit of Mr. Wilcox set forth that he was not the solicitor for these defendants, except for the purpose of presenting this motion, and beyond this had no direction in the matter, and was not, and never had been, authorized to enter an appearance for them, or either of them, in this or any other suit brought in this court. In the original suit of *McNichol* v. *Geiger & Phelps* he was cited to show cause why he should not surrender to the receiver, the complainant in this cause, the partnership property in question. He answered that citation in his own behalf, without authority from any of the defendants to act for them in any matter relating to that suit.

*George W. Bates,* for complainant.

*A. F. Wilcox,* for defendants.

BROWN, J. Orders for substituted service are frequently granted when the defendant, in an action at law, seeks to enjoin the further prosecution of the action, or to set up some defense which is not available in a court of law, or when a defendant in a bill in equity proposes to file a cross-bill to obtain relief not afforded by an answer. In such case, if the original plaintiff be a non-resident, an order for a substituted service upon his attorney of record is almost a matter of course. I am not aware that new parties, who are not connected in any way with the plaintiff in the original suit, can be brought into court in this way. Thus, in *Dunn* v. *Clark,* 8 Pet. 1, it is said that the defendant in a judgment at law may file a bill in the circuit court to enjoin the judgment against the representative of the plaintiff in the judgment, and that this is but a continuation, in substance, of the original suit; but if other parties are made by the bill, and different interests are involved, it is, as to them, an original suit, and the jurisdiction of the court must depend upon their liability to be sued by the plaintiff, as in other cases. In this case, as there appeared to be equities, the court merely stayed proceedings upon the judgment, to enable the complainants to seek relief from a state court. So, in *Sawyer* v. *Gill,* 3 Wood. & M. 97, it is said that if the service relates to a new and independent action, in which the attor-

ney has not been specially retained, and is not the attorney of record, it becomes a question of power and authority, and not of convenience, how notice to appear and defend in it shall be given; and a court, no more than an individual, possesses a right to treat him as the attorney, in another disconnected suit. He is not the agent of the party in that separate suit. The case of *Hyslop* v. *Hoppock*, 5 Ben. 533, was a bill filed by an assignee in bankruptcy to set aside certain conveyances as fraudulent against the creditors of the bankrupt. The defendants could not be found, but it appeared that they had left their son in the receipt of rents of the property sought to be affected by the bill, and that he transmitted such receipts to them monthly. The court denied a motion for substituted service upon the son. In respect to this question the case is not unlike the one under consideration.

In this case defendants are not parties to the original suit. They are simply lienholders of the property in the possession of this court. This bill is clearly an original bill, since it relates to a matter not before litigated in this court by the same persons. As Mr. Justice STORY says: "Bills not original are those which relate to some matter already litigated in the court by the same persons, and which are either in addition to, or in continuation of, an original bill, or both." Eq. Pl. § 16.

This bill is undoubtedly a continuation and carrying forward, to some extent, of the original suit, since, in order to fix the amount of McNichol's interest in the partnership assets, it is necessary to determine the validity of these mortgages. But none of the parties to this suit are parties to the other. The bill is not less on original one because it happens to be an outgrowth of the other. It is not unlike cases where assignees in bankruptcy are compelled to file bills of a similar nature to set aside conveyances made by the bankrupt. In such cases the authorities are nearly uniform that the assignee must proceed, not by petition in the court of bankruptcy, but by bill in equity in the circuit or district courts against the fraudulent vendees or mortgagees. *Smith* v. *Mason*, 14 Wall. 419; *In re Marter*, 12 N. B. R. 185; *Bradley* v. *Healey*, 1 Holmes, 451.

The order for substituted service must be vacated and set aside.