#### (District Court, N. D. California. August 29, 1895.)

#### No. 262.

1. PRACTICE—SUBSTITUTED SERVICE.
   A party to a suit which, as to him, is an original proceeding, cannot be brought before the court, in a jurisdiction foreign to his residence, by substituted service of process upon a law firm retained by him to represent him in case it should be necessary for him to appear voluntarily, but who are not his general agents or representatives.

2. PRACTICE.
   Substituted service cannot be made upon a law firm retained to represent a nonresident party, but who are not his general agents or representatives.

Bill in equity. Motion to set aside substituted service on the Puget Sound National Bank of Seattle, state of Washington. Motion granted.

Rothchild & Ach, for. the Puget Sound National Bank.

James L. Crittenden (M. T. Moses and S. M. Van Wyck, Jr., of counsel), for complainant.

MORROW, District Judge. By the amended bill in equity, filed April 22, 1895, the Puget Sound National Bank of Seattle, Wash., was formally made a party, being substituted for John Doe. It being a nonresident of this district, it was sought to bring it be-

fore the court by substituting the service of the alias subpœna on Messrs. Rothchild & Ach, a law firm of the city of San Francisco. The order for this substituted service was made upon the affidavit of one Robert Levy, who deposed that Messrs. Rothchild & Ach had been retained by the Puget Sound National Bank to represent them in this controversy. Rothchild & Ach have appeared specially, and move to set aside the service made on them for and in behalf of the bank, on the ground that the court was without jurisdiction to enter such an order, and that such service was illegal, invalid, and improper. The question presented for decision by this motion is whether the court can bring the Puget Sound National Bank, of the state of Washington, before it by substituting service of the alias subpœna on a law firm of this city, alleged to have been retained by the bank to represent it in this suit. While resort may be had to substituted service, in order to compel parties to appear before the court, through some legal and acknowledged representative, yet this is done only in exceptional cases. The practice itself is now well settled, but its use has been confined, as a general rule, to cases where the defendant has absconded to escape service, or has concealed himself, or cannot be found, or ‧ has a legal and acknowledged general agent or representative within the jurisdiction of the court; also, upon bills to restrain actions at law, or to reform instruments which are the basis of actions at law, or, under certain circumstances, upon cross bills. In the three last instances, service upon the attorneys who appeared for the parties in the actions at law, or, in the case of a cross bill, who appeared for the complainant in the original bill, is held to be sufficient for all purposes to bring the party before the court. The following authorities, English and American, establish the general proposition: Sergison v. Beavan, 9 Hare, Append. 29; marg., 16 Jur. 1111, Stewart, V. C.; Hope v. Hope, 4 De Gex, M. & G. 328; Hobhouse v. Courtney, 12 Sim. 140, 6 Jur. 28; Webb v. Salmon, 3 Hare, 251, 255; Cooper v. Wood, 5 Beav. 391; Weymouth v. Lambert, 3 Beav. 333; Pulteney v. Shelton, 5 Ves. 147; Hunt v. Lever, 5 Ves. 14; Baker v. Holmes, 1 Dickens, 18; Thomson v. Jones, 8 Ves. 141; Carter v. De Brune, 1 Dickens, 39; Hyde v. Forster, 1 Dickens, 102; Lady Carrington v. Cantillon, Bunb. 107; Dunn v. Clarke, 8 Pet. 1; Logan v. Patrick, 5 Cranch, 288; Herndon v. Ridgway, 17 How. 424; Rubber Co. v. Goodyear, 9 Wall. 807; Hitner v. Suckley, 2 Wash. C. C. 465, Fed. Cas. No. 6,543; Eckert v. Bauert, 4 Wash. C. C. 370, Fed. Cas. No. 4,266; Ward v. Seabry, 4 Wash. C. C. 426, Fed. Cas. No. 17,161; Shainwald v. Lewis, 5 Fed. 517; Id., 6 Sawy. 585; Bowen v. Christian, 16 Fed. 729; Bartlett v. Sultan of Turkey, 19 Fed. 346; Fidelity Trust & Safety Vault Co. v. Mobile St. Ry. Co., 53 Fed. 850; Abraham v. Insurance Co., 37 Fed. 731. I have been referred to no authority which lays down the proposition that a party who is a nonresident, and who does not come within any of the classes above referred to, and who has no regularly constituted and acknowledged agent within the district where suit is brought, can be effectually and legally served with process of subpœna by substitution. The Puget Sound Na-

tional Bank is a nonresident of this district. It has no general agent or representative attending to its affairs in this district, upon whom service can be had. While it may be true, as deposed in the affidavit, that the firm of Rothchild & Ach has been retained to represent the bank in this suit, should it be necessary for it to appear voluntarily to protect its interests, yet this does not ipso facto make such law firm agents for the purpose of receiving service of the subpœna issued on this bill. The proposition is well stated in Fost. Fed. Pr. § 96, p. 155. The author says:

"Independently of any express statutory authority, there is no power in a court of equity to order actual personal service to be effected upon a defendant beyond its territorial jurisdiction; but, in a few cases, such courts have for more than a century assumed the power of ordering service to be made within their jurisdiction upon some person for the absent defendant, and have treated such service as valid. In suits to stay proceedings at law in the same court, the service of a subpœna upon the attorney of the plaintiff at law may be allowed, and will then bind the latter, if he be beyond the territorial jurisdiction of the court. A similar practice would, in all probability, be allowed in serving process under bills not original,—namely, bills of revivor, supplemental bills, and bills of revivor and supplement,—which are nothing more than continuations of the suits upon which they operate."

It is claimed by the counsel for complainant, in support of the substituted service upon Messrs. Rothchild & Ach, that this suit is merely ancillary and subsidiary to the original suit No. 221 (6 Fed. 753), and the ancillary suits growing out of case No. 221 which have occupied the attention of this court for now 16 years past, and whose ultimate object is to recover the assets of the bankrupt firm of Schoenfeld, Cohen & Co. fraudulently obtained by Harris Lewis, as adjudged by the former decrees of this court, and now alleged to be held and concealed by him. While the palpable purpose of the present bill is to reach certain personal property in the hands of Lewis and others, alleged to be proceeds or profits of the assets of Schoenfeld, Cohen & Co., and while, as to Lewis, the present bill is in the nature of a continuation of the original suit, still, as to the Puget Sound National Bank of Seattle, it is an original proceeding. This is the first attempt to bring it into this litigation. The reasons that would justify the service by substitution of the subpœna on Harris Lewis, the original defendant, were he out of the jurisdiction of the court, would, obviously, not obtain as to the Puget Sound National Bank of Seattle, an entirely new party, and a stranger to the former proceedings. Bowen v. Christian, supra; Christmas v. Russell, 14 Wall. 69, 80. This point was definitely settled in Dunn v. Clarke, 8 Pet. 1. In that case, it was held, upon a bill to enjoin a judgment at law recovered in the circuit court against the representative of the plaintiff, that if other parties are made by the bill, and different interests involved, the bill is, as to them, an original suit, and the jurisdiction of the court must depend upon their liability to be sued by the plaintiff, as in other cases. Under this view of the law, I do not see how the Puget Sound National Bank of Seattle, Wash., not transacting business or having a regularly constituted and acknowledged agent in this district, can be brought before the court by means of a substituted

service upon a law firm claimed to have been retained for the purposes of representing it in this suit. The motion to set aside the substituted service will, therefore, be granted.