THE PAGE COMPANY *v.* ·MACDONALD, &c., A
RESIDENT OF THE PROVINCE OF OTTAWA IN
THE DOMINION OF CANADA, &c.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF MASSACHUSETTS.

No. 308. . Argued March 13, 1923.—Decided April 9, 1923.

1. A non-resident defendant to an action in the District Court is
immune to service of process therein while present within the Dis-
trict as a party to litigation in a state court attending a hearing
before a special master. P. 447.
2. This exemption from service is the privilege of the court before
which the party is attending rather than the privilege of the party
. himself. P. 448.
3.·Where the action in which service is attempted is for an alleged
libel in his pleadings on file in the case upon which he is attending,
he can not be adjudged to have forfeited his immunity upon the
theory that the libel was still·being committed, through such plead-
ings, to the time when the attempted service was made. *Id.*
Affirmed.

ERROR to a judgment of the District Court sustaining a
plea in abatement to an action for libel.

*Mr. Asa P. French* for plaintiff in error.

*Mr. Weld A. Rollins* for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the
Court.

The Page Company brought suit in the District Court
of the United States for the District of Massachusetts
against the defendant in error for libel, constituted, it was
alleged, by allegations in a certain bill of complaint which
was filed by her against that company in a Superior Court
of Massachusetts.

A question of jurisdiction in the sense of immunity
from process is presented. Plaintiff in error is a Massa-

chusetts corporation, defendant in error, a resident and citizen of Leaskdale, Ontario, Canada.

The Page Company brought this suit against defendant in error alleging her suit against it, the Page Company, was a deliberate and malicious libel, its statements having been made " with full information and knowledge that they were false," and for the purpose of injuring the Company's reputation. Damages were prayed.

The facts are stipulated and are condensed by the District Court as follows: " The facts on which this plea is grounded are not in dispute: Mrs. Macdonald brought a suit in equity against the Page Company in the State Court. The Page Company, claiming that certain statements made by her in the bill were libelous and actionable, brought the present action at law against Mrs. Macdonald in this court; and service was made upon her while she was in the District ' in attendance before a Special Master appointed by the Superior Court to hear the parties and their evidence ' . . . in the other case. She has pleaded in abatement of this action that she was immune from service while within the District for the purpose stated."

The court decided " that the plea [in abatement] is good and that the action must be abated ", citing *Stewart* v. *Ramsay,* 242 U. S. 128; *Larned* v. *Griffin,* 12 Fed. 590; *Diamond* v. *Earle,* 217 Mass. 499.

The Page Company, contesting the ruling and the application of the cases cited to sustain it, contends that immunity cannot be claimed and sustained from the judicial process of a different sovereignty.

In *Diamond* v. *Earle* and *Stewart* v. *Ramsay,* it is said " Both courts were exercising jurisdiction conferred by the same sovereignty ". It is, necessarily, a condition of the contention, that the " Federal Court in Massachusetts is a foreign court within the principle."

We are unable to concur. A federal court in a State is not foreign and antagonistic to a court of the State

within the principle and, therefore, as said in *Stewart* v. *Ramsay, supra,* " suitors, as well as witnesses, coming from another State or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going." And we can add nothing to what is said in support of the rule. " It is founded " it is said, " in the necessities of the judicial administration ", and the courts, federal and state, have equal interest in those necessities. They are both instruments of judicial administration within the same territory, available to suitors, fully available, neither they nor their witnesses subject to be embarrassed or vexed while attending, the one " for the protection of his rights ", the others " while attending to testify."

The next contention of the Page Company is that defendant in error " forfeited her right to claim and obtain immunity from the service here questioned by using the state court as a medium for the publication of a deliberate and malicious libel concerning this plaintiff [the Page Company] as to matters not material to any issue raised by the bill in her suit against this plaintiff, to testify in which she came to Massachusetts." It must be assumed, is the further contention, to be a libel, " a continuing tort, potentially and actually working injury to the plaintiff down to and at the moment of the service upon defendant of the process in this suit."

The contention has strength upon first impression which disappears upon reflection on the purpose of the principle and the necessity of its inflexibility. The service of process is upon the individual but the exemption from its requirement is something more than a privilege to him. It is " the privilege of the court ", we have seen, rather than his. " It is founded in the necessities of the judicial administration." Besides, it cannot be assumed as plaintiff in error does, that the pleading in her suit against plaintiff in error was false and a tort, and on that

assumption deny her the immunity to which she is entitled. The truth or falsity of the pleadings is not to be assumed, it is to be established.

*Judgment affirmed.*