## SCHMITT v. LAMB.

### No. 162.

District Court, N. D. Mississippi, Delta Division.

Oct. 9, 1930.

Maynard, FitzGerald & Venable and Roberson & Cook, all of Clarksdale, Miss., and Green & Green, of Jackson, Miss., for plaintiff.

Wells, Jones, Wells & Lipscomb, of Jackson, Miss., and Butler, Lamb, Foster & Pope, of Chicago, Ill., for defendant.

HOLMES, District Judge.

The plaintiff, William A. Schmitt, was appointed receiver by this court under a final decree rendered in a suit by Sterling B. Cramer, and other judgment creditors of W. P. Holland, to set aside certain fraudulent conveyances made by him to his wife, Florence T. Holland, and to subject the property so conveyed to the payment of the judgments. No receiver had been appointed during the pendency of the suit.

William E. Lamb, a citizen of Illinois, is an attorney at law, residing in Chicago, and represented Mrs. Holland in the above suit, coming to Mississippi for that purpose and devoting himself exclusively to his duties as attorney in the preparation of her defense and in appearances in court.

During the trial of the case and near its end, on petition of the plaintiffs, Mr. Lamb

was cited to show cause why he should not be punished for contempt of court in receiving various sums of money aggregating over $70,000, which, it is claimed, were paid to him by Mrs. Holland, in the guise of legal fees, but which, in fact, belonged to the judgment debtor.

While the contempt proceeding was still pending, and on the same day that a final decree was entered in the original suit, this ancillary proceeding was filed by the receiver against the attorney to recover the above sums paid to him by Mrs. Holland, which, it is claimed, were trust funds in her hands and remained such in the hands of Lamb who had received them with full knowledge of the facts.

The defendant moves to quash the process and dismiss the ancillary proceeding against him on the ground that he was exempt from service of civil process upon him in this state, because at the time he was present (1) as attorney for Mrs. Holland, and (2) in response to the citation for contempt.

■ It is contended by the plaintiff that at the time process was served upon the defendant his presence in the state was not rendered necessary either by his duties as attorney or to respond to the citation for contempt.

I think this is too narrow a view to take of the attorney's attitude. After the citation for contempt was issued, while commendably holding himself aloof from the main case, he remained Mrs. Holland's attorney and doubtless intended to resume actively his duties as such, if the contempt proceeding should be disposed of, and he might do so without embarrassment, before the final decree was entered. But, while continuing in this attitude, the final decree was entered, and on the same day this suit was filed and process served upon the defendant, while he was preparing to take a train for his home in Chicago.

It is also true that a continuance had been agreed upon for the contempt hearing, but the order was not made by the court until the very day process herein was served. Under these circumstances Mr. Lamb had the right to remain in the state until the agreement was formally approved by the court and the order duly entered.

Accordingly, I see no reason to doubt that at the time process was served upon the defendant in this proceeding he was a nonresident attorney, in the state solely for the purpose of representing a litigant in this court, and while actually so engaged was cited for contempt of court at the instance of the plaintiffs in the suit in which he was appearing.

There is no allegation of any misconduct in this state by the defendant and no fact averred to overcome the inference that the alleged fees were received by him before he came here.

The motion to quash should be sustained because the defendant was exempt from the service of civil process upon him while in attendance upon court and during a reasonable time in coming and going. Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 61 L. Ed. 192; Page Co. v. Macdonald, 261 U. S. 446, 43 S. Ct. 416, 67 L. Ed. 737; Central Trust Co. v. Milwaukee Street R. R. Co. (C. C.) 74 F. 442; Read v. Neff et al. (D. C.) 207 F. 890; Higgins v. California Prune Co. (C., C. A.) 282 F. 550; Kinne v. Lant (C. C.) 68 F. 436; Hale v. Wharton (C. C.) 73 F. 739.

■ Conceding the general rule, the receiver urges the court to make an exception to it because of the auxiliary character of this proceeding. He says it was instituted by him in furtherance of the original object of the creditors' bill and justifies a departure from the ordinary rules of process as well as of jurisdiction. No cases are cited specifically supporting this contention, and the logic of the authorities cited to the contrary is to the effect that for purposes of federal jurisdiction this case is ancillary, but in other respects it is an independent suit. Bowen, Receiver, v. Christian (C. C.) 16 F. 729; Shainwald v. Davids (D. C.) 69 F. 701; Richardson v. Loree (C. C. A. 5th Circuit) 94 F. 375.

In Pacific R. Co. of Mo. v. Mo. Pac. Ry. Co., 111 U. S. 522, 4 S. Ct. 583, 592, 28 L. Ed. 498, the Supreme Court said:

"On the question of jurisdiction the suit may be regarded as ancillary * * * so that the relief asked may be granted by the court which made the decree * * * without regard to the citizenship of the present parties, though partaking so far of the nature of an original suit as to be subject to the rules in regard to the service of process which are laid down by Mr. Justice Miller in Pacific Railroad v. Missouri Pacific Railway Co. [C. C.] 1 McCrary, 647; S. C. 3 F. 772. The bill, though an original bill in the chancery sense of the word, is a continuation of the former suit, on the question of the jurisdiction of the circuit court. Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633 [17 L. Ed. 886]."

The rule laid down by Mr. Justice Miller in Pacific Railroad v. Missouri Pac. R. Co. (C. C.) 3 F. 772, was upon the issue of validity of service of process without the district. The court said:

"The argument, by which it is endeavored to support the service of process upon persons without the district, is 'that the present suit is one that is auxiliary to the former suit in which the decree of foreclosure was had; that it is so far merely a continuation of that suit; and that it is not a new and original suit. * * * It may be conceded for the purposes of this motion that it is to a certain extent auxiliary to the original foreclosure suit. * * * But it also partakes so far of the nature of an original suit that the parties who are here contesting service of this process cannot be brought before the court by anything short of a subpoena in chancery; and cannot be compelled to answer and respond to the allegations of the present bill in any other mode than in the mode usually adopted in original chancery bills."

In considering the exact question for determination, on the motion to quash the process, in the case at bar, it is necessary to distinguish between the court's having jurisdiction of the subject-matter and bringing in new parties. In the latter case service of process in ancillary proceedings is governed by the same rules as obtain in the case of an original suit.

An order may be entered accordingly.