**ROTH v. W. T. COWAN, Inc. et al.**

Civ. No. 10105.

United States District Court, E. D. New York.

Jan. 9, 1952.

See also, D.C., 97 F.Supp. 675.

———◆———

Alexander & Ash, New York City (Sidney A. Schwartz, New York City, of counsel), for defendant and third party plaintiff.

J. Stuart Scharf, New York City, for plaintiff.

Zelby & Burstein, New York City, for third party defendants.

Bernard Axler, New York City, of counsel on behalf of George Gamberdella.

ABRUZZO, District Judge.

This is an application for an order striking out and vacating the purported service of a summons and complaint upon George Gamberdella. The plaintiff instituted this action against W. T. Cowan, Inc., in the Supreme Court, Kings County, as administratrix of the estate of her husband, alleging that her husband was killed as a result of an accident which took place in New Jersey on October 22, 1948. Negligence was attributed to Cowan because it owned and was alleged to have managed

and controlled a motor tractor and trailer which brought about decedent's death.

Defendant Cowan removed this cause to this Court. On March 30, 1951, Judge Rayfiel signed an order granting an application of Cowan to implead two New Jersey residents, George Gamberdella, the driver, and one Anthony Gamberdella who was allegedly the employer of George Gamberdella.

There are two counts in a third-party complaint. In the first, recovery over is sought against the Gamberdella's because they were "actively negligent," and in the second count an indemnity agreement executed by Anthony Gamberdella is alleged.

On September 28, 1951, pursuant to a notice for the taking of his deposition served by the plaintiff, George Gamberdella attended at 320 Broadway, New York City, within the Southern District of New York. At the examination a United States Deputy Marshal attended by a representative of the law firm representing Cowan served George Gamberdella with a summons and third-party complaint. In moving to quash this service he contends that since he was within the State of New York only because he had been served with a subpoena which commanded his presence here he was not subject to service of legal process while going to, attending at, or leaving the hearing place.

■ A nonresident is not immune from the service of process made upon him while he is attending a hearing pursuant to legal process, but under certain circumstances may well be served, and the service be deemed good and binding.

The United States Supreme Court in the case of Lamb v. Schmitt, 285 U.S. 222, at page 225, 52 S.Ct. 317, at page 318, 76 L.Ed. 720, made this very illuminating observation in its opinion:

"In Stewart v. Ramsay, the court said at page 130, of 242 U.S., 37 S.Ct. 44, 46 [61 L.Ed. 192], quoting from Parker v. Hotchkiss, [18] Fed.Cas. [p. 1137] No. 10,739: 'The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify.'

"It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require. * * *"

The Lamb case, referring to an analogous service of process as in the case at bar, stated as follows, 285 U.S. at page 227, 52 S.Ct. at page 318, 76 L.Ed. 720:

"These considerations have in special circumstances led to a denial of the immunity, even though the service was made in an independent suit in no sense ancillary to the pending litigation. See Livengood v. Ball, 63 Okl. 93, 162 P. 768, L.R.A. 1917C, 905; Rizo v. Burruel, 23 Ariz. 137, 202 P. 234, 19 A.L.R. 823. But it is not necessary to go so far in the present case. Here the two suits, pending in the same court, are not independent of each other or unrelated. The second was brought in aid of the first, on which the petitioner, when served with process, was in attendance, charged with the duty of counsel in the case to assist the court. It was brought to secure rights asserted in the first suit which, but for the acts charged against the petitioner in the second, would have been secured in the first. Cf. Page Co. v. MacDonald, supra [261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737]. The later suit was so much a part and continuation of the earlier one that the jurisdiction of the court over the first extended to the second without regard to citizenship of the parties or the satisfaction of any other jurisdictional requirements. Pacific Railroad of Missouri v. Missouri Pacific Ry. Co., 111 U.S. 505, 522, 4 S.Ct. 583, 28 L.Ed. 498.

"From the viewpoint of the due administration of justice in the first suit, the second was as much a part of it as if it had been an interlocutory motion to compel the production in court of documents or of property involved in the suit. * * *"

■ In the case at bar the third-party complaint is ancillary to the main action,

and the issues should be tried at one and the same time. Under these circumstances, judicial necessities require that immunity should be withheld. There is nothing to indicate that the withholding of immunity would in any way obstruct judicial administration in the very cause for the protection of which it is invoked.

The motion should, therefore, be denied.