EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Plaintiff,

v.

William Caleb HITCHCOCK, Defendant.

No. N 57 C 29.

United States District Court
E. D. Missouri, N. D.

Jan. 20, 1958.

784

Walther, Barnard & Walther, St. Louis, Mo., for plaintiff.

J. Andy Zenge, Jr., Canton, Mo., George F. Edwardes, Texarkana, Ark., for defendant.

WEBER, District Judge.

The defendant in this cause was appearing before the Northern Division of this Court in Case No. N 57 Cr 8, styled United States of America, plaintiff, v. William C. Hitchcock, filed September 30, 1957, and in which the defendant was charged by Grand Jury indictment in three counts with having violated section 1001, Title 18, U.S.C.A. Briefly stated, the defendant is therein charged with having knowingly and falsely concealed and covered up by trick, scheme or device and having knowingly made false, fictitious and fraudulent statements and having knowingly and willfully made and used false writings or matter in dealings with the REA and within the jurisdiction of an agency of the United States government, to wit: the Department of Agriculture.

Defendant filed a Motion to Dismiss and a Demand for Production of Records in said criminal cause and personally appeared in court, wtih his counsel, on December 2, 1957, to argue said motions and for arraignment.

While personally present he was served with a summons in this cause in which plaintiff seeks to recover on the bond they had supplied for defendant to his employer, the Lewis County Rural Electric Cooperative Association. The defalcation alleged is the same subject matter which forms the basis of the indictment.

The actions complained of in the indictment and in this suit occurred in this District and Division of Missouri, but the defendant has subsequently moved to and is now a resident of the State of Arkansas.

Defendant has filed herein a Special Motion to Quash the Summons served, setting forth and alleging that he was immune from service of civil process at the time, being in attendance in the court on the criminal case.

The courts of Missouri have not generally recognized the immunity status as grounds for quashing service, Christian v. Williams, 1892, 111 Mo. 429, 20 S.W. 96; Pfeiffer v. Schee, Mo.App.1937, 107 S.W.2d 170, and by statute § 548.251, V.A.M.S., § 25, Laws of Mo.1953, page 425, have granted immunity to one returned to the state on extradition from civil action arising out of the same facts. State ex rel. Stipec v. Owen, Mo.App., 271 S.W.2d 864.

However, the principle of immunity and its application has nothing to do with the substantive rights of the parties and it has been classified as a rule of practice. See Hardie v. Bryson, D.C.E.D.Mo.1942, 44 F.Supp. 67; Hale v. Wharton, 8 Cir., 1896, 73 F. 739, 740; Feister v. Hulick, D.C.Pa.1916, 228 F. 821. Therefore, federal practice will control rather than the Missouri Law.

The federal courts have adopted the common law principle of immunity as announced by the Supreme Court in the case of Stewart v. Ramsay, 1916, 242 U.S. 128, 129, 37 S.Ct. 44, 45, 61 L.Ed. 192, wherein it was said that litigants "are exempt from the service of civil process while in attendance upon court * * *". This principle has consistently been followed. See note 61 L.Ed. 193, 194; Page Co. v. Macdonald, 1923, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737; Lamb v. Schmitt, 1932, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720.

However, by a reading of these opinions and subsequent holdings, it is evident that the applicability of the rule of immunity has been restricted to conform

with the purpose of the rule, namely, the fact that the immunity is granted not for the convenience of the person seeking to invoke it, but for the convenience of the court. The underlying idea of immunity is to encourage voluntary appearance to secure the better administration of justice. Thus, if a defendant is willing to enter the jurisdiction and submit to it, the court will encourage him to do so by assuring him that he will not be served with process in any other suit.

Where the subsequent suit (in which immunity from service is sought), is part of, or a continuation of, the cause in which the party was present, the courts have refused to invoke the immunity. Lamb v. Schmitt, supra; Page Co. v. Macdonald, 261 U.S. 446, 43 S. Ct. 416, 67 L.Ed. 737; Pacific R. R. v. Missouri Pac. Ry. Co., 111 U.S. 505, 552, 4 S.Ct. 583, 28 L.Ed. 498.

By a stretch of reasoning, the present circumstances might be construed as related to each other, for the instant suit seeks to recover for money paid on an alleged breach of the bond by acts complained of in the indictment. This would bring the cause in the category of cases cited in the preceding paragraph, but would be basing the ruling on incidents not therein specifically approved.

There is yet further authority for the proposition here presented. Justice Stone, in Lamb v. Schmitt, supra, 285 U.S. loc. cit. 225–226, 52 S.Ct. loc. cit. 318, says, "It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require. (Cases cited.) Limitations of it on this basis have been not infrequently made because the attendance upon the trial of a cause, however vital to the personal interests of those concerned, was not for the purpose of facilitating the progress of the cause (cases cited), *or because the service was made on one whose attendance was not voluntary, and hence had no tendency to interfere with judicial adminis-*

*tration.* (Cases cited.)" (Parentheses and Italics supplied.)

Justice Stone approvingly cited the case of Netograph Mfg. Co. v. Scrugham, 197 N.Y. 377, 90 N.E. 962, 27 L.R.A., N.S., 333, and this leads us to an analysis of that case. In it, the New York Court held the service valid upon a person returning from Ohio to New York for trial on a criminal conspiracy charge, of which he was acquitted and then, before he could leave was served with civil process in a wholly unrelated cause. The court therein also found that actual physical confinement was not necessary to bring about the involuntariness of the return.

The District Court of Massachusetts in United States v. Conley, D.C.1948, 80 F.Supp. 700, loc. cit. 702, likewise favorably cites Lamb v. Schmitt and Netograph Mfg. Co. v. Scrugham, both supra, and therein held that a person returned on criminal indictment was subject to further new criminal action. At loc. cit. 702 is stated, "However, there is some reason to doubt whether the Supreme Court of the United States would follow the lower federal courts in granting a criminal defendant immunity from even civil process."

This seems the logical conclusion and view to reach in this case. The reason for the immunity being the administration of justice by the court in the case in which immunity is sought, when applied to the facts herein, presents this question: What effect could the civil suit have upon the criminal proceedings in which the defendant was compelled to appear? The answer is, absolutely nothing.

There is no voluntary appearance to be effected; there is no delay that could be caused; there is no added preparation incurred, for the issues in each case are based on substantially the same facts; there is no hardship, for apparently the records to be relied upon in each case are within the district; there just isn't rhyme nor reason why the immunity should be invoked.

■ Therefore, this Court holds herein that a person attending court upon a criminal indictment (absent proven fraud) is not immune from service of process in another suit either related or unrelated to it.

While the Supreme Court has not passed on the exact situation here presented, it is the thought of this Court that the *spirit* and *reason* of the decisions point in accord.

■ Some later date it may be paraphrased jocularly of this writer that, "The spirit was willing, but the reason weak;" albeit, the Motion to Quash shall be overruled and the order so prepared.