**Billy Wayne CLAYTON, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Michael Wacks and Larry Montague, Defendants.**

Civ. A. No. H–82–0338.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 22, 1982.

Supplemental Opinion Jan. 10, 1983.

---

Minton, Burton, Foster & Collins, Austin, Tex. (Roy Q. Minton, Austin, Tex.), for plaintiff.

Baker & Botts, Houston, Tex. (Richard B. Miller, Houston, Tex.) and Daniel K. Hedges and Robert Darden, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Pending before the Court is Plaintiff's motion for leave to amend complaint, and the motion of Defendants Wacks and Montague to quash service and to dismiss for improper service resulting in a lack of jurisdiction over the person, improper venue, limitations, and failure to state a claim upon which relief can be granted. The motions will be addressed in turn.

This is a *Bivens* suit for damages which the Plaintiff claims he suffered when the Defendants violated his constitutional rights during the course of the " 'Bri-Lab ...' investigation ... [of] alleged racketeering among labor leaders and public officials relating to the procurement of insurance." Plaintiff is the Speaker of the House of Representatives of the State of Texas and was investigated, indicted, tried and found not guilty of accepting an alleged bribe. Wacks and Montague are FBI agents who participated in the undercover investigation and the subsequent presentation of the case.

The motion for leave to amend complaint is GRANTED. Rule 15(a), Fed.R.Civ.P. The Court will look exclusively to the amended complaint in evaluating Defendants' motions.

### *Service of Process and Personal Jurisdiction*

Defendants move to quash service of process and apparently to dismiss for lack of personal jurisdiction because Wacks and Montague were served while in Texas solely for the purpose of attending Plaintiff's earlier criminal trial. They argue that since they were present in the State only to serve as witnesses in another trial that they came within the time-worn, court-made doctrine of immunity to service of process in such circumstances. *Page Co. v. MacDonald,* 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737 (1923); *Stewart v. Ramsay,* 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192 (1916). Plaintiff now contends that any defect in service has been cured by service upon the United States

Attorney. There has, however, never been proper service upon the individual Defendants which would support personal jurisdiction over them and subject them to personal liability upon Plaintiff's claim. Plaintiff will be afforded twenty days in which to effectuate proper service of process, and failing that his cause will be dismissed.

### Venue

■ On the record presently before the Court venue appears to be properly laid in this District since this is the place where the alleged claim arose. 28 U.S.C. § 1391(b). Plaintiff was indicted by a Houston grand jury and thus any allegedly misleading testimony before that body would have occurred here. *See United States v. Clayton,* Cr. No. H–80–74 (S.D. Tex.1980). Additionally, the criminal case was tried here, the records of that trial are kept here, and at least one witness with knowledge of relevant facts, L.G. Moore, resides in this District. *Id.* Finally, the uncontroverted allegations of Plaintiff's complaint establish that a substantial amount of investigatory conversation in this case occurred in Houston. Defendants' motion to dismiss because of improper venue should be DENIED. *See Sharp Electronics Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228 (D.C.Cir.1981); *Florida Nursing Home Ass'n v. Page,* 616 F.2d 1355, 1360–61 (5th Cir.1980), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980), *rev'd on other grounds,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981).

### Statute of Limitations

■ Consideration at this time of limitations as a bar to suit is premature since such an examination would involve factual issues outside the pleadings. For example, the indictment in Plaintiff's criminal case was not filed until June 12, 1980. It would seem to be unfair to begin the running of the statute of limitation and charge him with knowledge of an undercover investigation before that time. Beyond that it is clear that any allegedly misleading testimony by the Defendants was given to the grand jury in all probability after February 8, 1980. (This suit was filed February 8, 1982). Defendants' motion to dismiss on grounds of limitations is DENIED at this time.

### Failure to State A Claim

Defendants' substantive motion is more compelling. Plaintiff alleges in his complaint and response to the motions to dismiss that Defendants deprived him of his fourth and fifth amendment rights by entrapping him, conducting an "overreaching" investigation, and presenting "misleading and fabricated evidence" to the grand jury.

■ Plaintiff's constitutional entrapment claim is foreclosed by the doctrine of res judicata since the same issue was raised and decided adversely to Plaintiff in his earlier criminal trial. *See United States v. Clayton,* Cr. No. H–80–74 (S.D.Tex. Sept. 5, 1980) (order denying motion to dismiss for improper government activity in inducing crime). The proceedings of that trial constitute a public record which may be noted by this Court. Because the criminal trial court determined that any allegedly entrapping actions of the Defendants did not rise to the level of a constitutional violation, those actions do not present a ground upon which relief can be granted in this suit.

According to his attorney's argument, "Plaintiff's Fourth Amendment claim rests on his right to privacy which was needlessly invaded by Defendants' " 'Bri-Lab' schemes." Plaintiff also includes in his response transcripts of tape recordings made by the United States government during the course of its investigation which he says "demonstrates the extent of ... overreaching." Although the transcripts were not submitted by affidavit or otherwise authenticated, they will be accepted as accurate for purposes of this motion.

■ The fourth amendment protects "the people ... against unreasonable searches and seizures." Plaintiff does not, nor could he allege that the contacts he had with undercover agents Wacks and Montague constituted unreasonable searches or

seizures. *Lewis v. United States,* 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966). An arrest made by officers who have probable cause to suspect an offense has been committed does not violate the fourth amendment. *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). "An indictment by a properly constituted grand jury conclusively determines the existence of probable cause," and defeats a *Bivens* action for damages. *Rodriguez v. Ritchey,* 556 F.2d 1185, 1191 (5th Cir.1977) (en banc). *See Smith v. Gonzales,* 670 F.2d 522 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982).

■ Upon examination of Plaintiff's claim it becomes obvious that it is very similar to one which was rejected by the Supreme Court in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). There the Court held that the Constitution does not *ex proprio vigore* protect the reputation of citizens without a showing that governmental actions caused some damage beyond injury to reputation only. In this case, with the exception of his third claim discussed below, Plaintiff has not alleged an injury to any interest other than that of reputation. This Court rejects the notion that these Defendants can become liable for damage to reputation based upon a presumptively valid indictment and an acquittal upon its charges. A contrary conclusion would make all indictments resulting in acquittal actionable, since all such events involve some damage to reputation. Not coincidentally, in the same case the Supreme Court rejected another broad claim to a "right to privacy" similar to Plaintiff's claim. *Id.* at 712–14, 96 S.Ct. at 1165–67.

■ Plaintiff's final allegation that misleading and fabricated evidence was presented to the grand jury is a serious charge, and if properly pleaded, could state an actionable wrong if the Defendants knowingly or with reckless disregard for the truth presented false evidence to the grand jury. Negligent conduct, however, is not actionable. *Franks v. Delaware,* 438

U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Rodriguez v. Ritchey, supra.* A claim of intentional or reckless misstatement of the facts is equivalent to a claim of fraud. Accordingly, such a claim "shall be stated with particularity." Rule 9(b), Fed. R.Civ.P. *See Miami Beach Federal Savings and Loan Ass'n v. Callander,* 256 F.2d 410 (5th Cir.1958). Plaintiff's complaint makes no attempt to comply with the Rule for pleading special matters.

■ The requirement that fraud be pleaded with particularity is not a mere technicality, especially in the present context. The acts of a grand jury are presumed to be regular. *Beverly v. United States,* 468 F.2d 732, 743 (5th Cir.1972). The law begins its inquiry with the belief that a grand jury's determination of probable cause is conclusive. *Smith v. Gonzales, supra; Rodriguez v. Ritchey, supra.* See *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). A plaintiff who wishes to overturn these determinations must show clearly that a transgression has been committed.

■ Additionally, Plaintiff fails to allege that if falsehoods had not been considered by the grand jury there would have been no probable cause to indict. *Cf. Franks v. Delaware, supra.* If the grand jury would have found probable cause to indict regardless of the presentation by Defendants of "misleading and fabricated evidence," then there was no constitutional transgression. *Id.* As discussed above, arrest and prosecution of an individual by the government after a finding of probable cause is entirely lawful.

■ As a final point, the Court notes that although Plaintiff has made no common law allegations, he can not recover under such a theory unless he alleges an absence of probable cause. *Rodriguez v. Ritchey, supra* at 1193. Law enforcement officials may not be mulcted in damages or held liable to an individual who has been investigated or arrested simply because such action did not result in conviction. The legitimate law enforcement interests of

society require that more than that be shown. It is, therefore,

ORDERED that the motion for leave to amend complaint is GRANTED; the motions to dismiss because of limitations and improper venue are all DENIED; but the motions to dismiss for improper service, for lack of jurisdiction over the persons of the Defendants, and failure to state a claim upon which relief can be granted will be GRANTED unless within twenty (20) days of the date of this Order Plaintiff properly serves Defendants Wacks and Montague and files a second amended complaint which states a claim under the laws of the United States, or one of them.

## ORDER

### Supplemental Opinion

On November 22, 1982, this Court considered the motion of Defendants Wacks and Montague to dismiss for insufficiency of service of process and failure to state a claim upon which relief can be granted. In that Order Plaintiff was notified that unless he further amended his complaint within twenty days to state a viable cause of action he would suffer dismissal of his claims against the individual Defendants.

Plaintiff has failed to file a second amended complaint. Accordingly, Wacks and Montague will be dismissed. The Court bases this action on all the reasons stated in the prior Order, but finds the failure of the Plaintiff to allege an absence of probable cause on the part of the government in pursuing an indictment in *United States v. Clayton,* Cr. No. H–80–74 (S.D.Tex., Nov. 13, 1980) to be of particular importance.

With respect to his claim of fabricated grand jury evidence Plaintiff cannot establish a violation of the Constitution, the basis of a *Bivens* action, unless he alleges and later proves that "the allegedly false statement . . . [of the law enforcement officer was] necessary to the finding of probable cause." *Franks v. Delaware,* 438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978). Although given an ample opportunity to submit such allegations, he has not

done so, and for this reason alone, dismissal is proper. The failure to allege an absence of probable cause is determinative of Plaintiff's other claims as well.

Although *Franks* was a fourth amendment case dealing with the sufficiency of an affidavit supporting a magistrate's issuance of a warrant, there is no reason to analyze the question of the sufficiency of testimony supporting a grand jury's issuance of an indictment in any different manner, even if the latter situation arises under the fifth amendment.

It is, therefore,

ORDERED that all claims against Defendants Wacks and Montague are hereby DISMISSED with prejudice for the reasons given in this Order and the Order dated November 22, 1982.