Case 80.—ACTION BY FRANCIS J. HAGAN AGAINST J. H.
LINN, IN WHICH PLAINTIFF RECOVERED JUDGMENT
AGAINST THE DEFENDANT, WHICH DEFENDANT AP-
PEALED, SUGGESTING THE DEATH OF THE PLAINTIFF.
ON MOTION OF THE ADMINISTRATRIX OF F. J. HAGAN,
DECEASED, IN APPELLATE COURT TO QUASH PROCESS
SERVED ON HER WHILE SHE WAS ATTENDING AS A
WITNESS IN BULLITT CIRCUIT COURT.—June 13.

## Linn v. Hagan's Adm'x.

Appeal from Bullitt Circuit Court.

Motion heard by Appellate Court.  Overruled.

Administrators—Service of Process—Non-residence—Witness—
Exemption From Summons—Statutes—Construction.

1. Civil Code Practice, section 542, providing that a witness shall
not be liable to be sued in a county in which he does not re-
side by being served with a summons in such county while
going, returning, or attending in obedience to a subpoena,
refers only to the venue, and hence has no application as
to service of notice of appeal to the Court of Appeals.

2. While a witness may not be sued in a county in which he does
not reside, by being served with a summons in that county,
while attending, in obedience to a subpoena, he may be sued
in his own county, or in a county where the court would
otherwise have jurisdiction, and may be served with a sum-
mons while attending under the subpoena.

GREENE & VAN WINKLE and N. W. HALSTEAD for appel-
lant.

F HAGAN for appellee.

OPINION BY CHIEF JUSTICE HOBSON—Overruling
motion.

On December 21, 1903, F. J. Hagan recovered judg-
ment against J. H. Linn in the Bullitt Circuit Court.
On March 21, 1905, Linn filed a transcript of the rec-

ord in this court and filed with the record a statement. of the parties to the appeal, from which it is shown that F. J. Hagan is dead and that Mary J. Hagan is the administratrix of his estate. Process was issued upon the appeal and served upon the administratrix in Bullitt county. She has entered a motion to quash the process and in support of the motion has filed an affidavit, in which she says that when the process was served upon her she was in Bullitt county as a witness for the Commonwealth to testify on the trial of one Barbour, indicted for the murder of her husband, F. J. Hagan; that she was ordered by the court to attend, and in obedience to the order of the court, came from her home near Montgomery, Ala., to testify on the trial. At the time of his death F. J. Hagan was a resident of Alabama. His will was probated there and appellee was appointed executrix in Alabama, and qualified there. She has not been appointed in Kentucky, and has not qualified here. She is a resident of Alabama. Section 542 of the Civil Code is relied on: "A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning or attending, in obedience to a subpoena."

This section has no application. It refers only to the venue. While a witness may not be sued in a county in which he does not reside, by being served with a summons in that county while attending in obedience to a subpoena, he may be used in his own county or in a county where the court would otherwise have jurisdiction, and may be served with a summons while attending under the subpoena. The purpose of the section is simply to prevent the courts of the county where a witness is in attendance under

a subpoena from acquiring jurisdiction over him by the service of process in that county while he is there in obedience to the subpoena.

In Lewis v. Miller, 24 Ky. Law Rep., 2533, the heir at law under the will had come to Kentucky to testify as a witness in an appeal which she had taken from the order of the county court probating her ancestor's will, and while here was sued by a creditor of the estate. It was held, after an examination of the authorities, that she was not exempt from the service of process. The same conclusion was reached by the Maryland Court of Appeals in Mullen v. Sanborn, 25 L. R. A., 721. In a note to that case, at page 731, it is said: "A resident of another State or country, who has in good faith come into a State as a witness to give evidence in a cause, is exempt from service of process for the Commonwealth of a civil action against him."

Many authorities are collected supporting the text, but this case does not come within the rule. The exemption of the witness, when allowed, is a personal one. In this case Mrs. Hagan is not sued personally. She is only sued as administratrix. No personal judgment can be rendered against her. This is a proceeding to set aside a judgment obtained by F. J. Hagan in his lifetime. It is an appeal in the same case in which the judgment was rendered. In the case of a non-resident plaintiff, who recovers judgment in the courts of this State and dies pending the appeal, the action may of necessity be revived against the foreign administrator, for if an administrator is appointed in this State he would have no assets, and no means to employ counsel, and the estate should be represented on the appeal by the real party in interest. Were the other rule followed great injustice might be done to

this class of litigants. We, therefore, conclude that the foreign administrator was a proper party to the appeal, as the appeal is in effect simply a proceeding to set aside a judgment in favor of her testator against appellant. When she was in the State and was personally served the service simply brought her before the court as personal representative. No advantage was taken of her presence in the State to sue her in the courts of the State by reason of her presence here as a witness. She has simply been brought before the court on an appeal in an action which her intestate instituted.

The former opinion, delivered on May 30, is withdrawn, as it was based upon a misunderstanding of the facts.

Motion overruled.