## Rains v. Smith, et al.

(Decided November 13, 1913).

### Appeal from Whitley Circuit Court.

1.  Witnesses—When Non-resident Exempt from Service of Process.—A non-resident witness is exempt from the service of civil process in this state while in attendance upon court as a witness, and this privilege attends him not only when coming to, returning from and attending upon the court, but also for a reasonable time after the hearing, to prepare for a departure.

2.  Witnesses—Exemption from Service of Process.—Construction of Section 542 of Code.—Section 542 of the Civil Code providing that "a witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning or attending, in obedience to a subpoena" only refers to residents of this State.

3.  Witnesses—Exemption From Service of Process—Counties to Which Exemption Does Not Apply.—A resident of this 'State may be sued in a county other than the county of his residence, although he is there as a witness, if the venue of the action in which the process was served is in that county. But a witness who is in attendance in a county other than the county of his residence that has not the venue of the action, cannot be sued in that county while attending as a witness.

H. C. GILLIS, B. B. SNYDER for appellant.

TYE & SILER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Rains, brought this suit against the appellees, Smith, Dickson and Demarcus, to recover damages for an alleged wrongful arrest. The petition charges in substance that the defendant appellees, who were all residents of the state of Tennessee, and who had no authority to make an arrest in this State, wrongfully and forceably took possession of the person of the plaintiff, the appellant Rains, on July 18, 1912, in Whitley County, and conveyed him to the jail of the county where they caused him to be confined.

The petition was filed on July 22nd, and on the same day summons issued thereon and was executed on the defendants in Whitley County. When the case came on for trial in the Whitley Circuit Court the defendants, without entering their appearance, moved to quash the service of summons on each of them "because each of

them was then a citizen and resident of the State of Tennessee and had in good faith come into the State of Kentucky for the sole purpose of testifying and giving evidence in a case then pending before Hon. J. C. Lovett, as presiding judge of the county court in and for Whitley county, Kentucky.'' In support of this motion each of them filed his separate affidavit stating that Rains had been indicted for a felony in Anderson County, Tennessee and was at the time of his alleged arrest in Whitley County, and at the time the petition was filed, and summons executed upon the defendants in Whitley County, a fugitive from justice. That a warrant for his arrest had been issued by the county judge of Whitley County, and under this warrant he was arrested and his case set for hearing before the county judge on July 22nd, 1912. That the defendants and each of them on that day, acting in good faith, came from the State of Tennessee into the State of Kentucky ''for the sole purpose of giving evidence in said case, and for no other purpose, at the time the summons herein was served on him in Whitley County, Kentucky, by the sheriff, to-wit: On the 22nd day of July, 1912. That the process was so served on this affiant within less than one hour after he testified in such case and before he had any opportunity whatever to return by the first train to the county of his residence in the State of Tennessee.''

The facts stated in the affidavit being confessed as true, the court dismissed without prejudice the petition, and from that ruling this appeal is prosecuted.

Counsel for appellant contend that the question in this case is controlled by section 542 of the Civil Code, reading, ''A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning or attending, in obedience to a subpoena.''

It is insisted that this section furnishes the only exemption allowed a witness from the service of process. Taking it as a basis, the argument is made that as the arrest complained of was made in Whitley county, the Whitley Circuit Court had jurisdiction of the subject matter of the action and therefore section 542 is not applicable, because this section only applies when the suit is brought in a court of a county that only has jurisdiction of the person of the defendant by virtue of the fact that service of process is had in that county.

The venue of this action, under section 74 of the Civil Code, was in Whitley County, and where the code fixes the county in which an action must be brought, summons issued in the action may be served in any county in the State in which the defendant may be found. Therefore, if the defendants in this case had been residents of this State, a summons could have been served on them in Whitley County, although they were in that county as witnesses at the time summons was served.

Section 542 only exempts a witness from the service of process when he is attending as a witness in a county that has not by statute the venue of the action. This was the construction given the section in Linn v. Hagan, 121 Ky., 627.

But the decision of the question we have is not controlled by code provisions or the construction that has been given to them. Section 542 of the code only applies to residents of this State. Here the defendants were non-residents of the State, in Whitley County attending court in good faith as witnesses. Whether they were there in obedience to a process of the court or came voluntarily, is not material. If they were there as witnesses in good faith, they could not be served with process. It is a rule of general application, and was recognized in Linn v. Hagan, supra, that non-residents are exempt from the service of civil process in this State while in attendance upon court as witnesses, and this privilege attends them not only when coming to, returning from and attending upon the court, but also for a reasonable time after the hearing, to prepare for a departure. Cooper v. Wyman, 122 N. C., 784, 65 Am. St. Rep., 731; Baldwin v. Emerson, 16 R. I., 304, 27 Am. St. Rep., 741; Linton v. Cooper, 54 Neb., 438, 69 Am. St. Rep., 727; Mullen v. Sanborn, 79 Md., 364, 25 L. R. A., 721.

The judgment is affirmed.