**Richard PROCTOR, Appellant,**

v.

**Calvin D. CRANFILL, Appellee.**

Court of Appeals of Kentucky.

June 24, 1955.

D. E. Wooldridge, LaGrange, for appellant.

James A. Hall, LaGrange, for appellee.

HOGG, Judge.

In the action of Richard Proctor, appellant, against Calvin D. Cranfill, appellee, seeking to recover damages to his automobile, the court entered summary judgment for the appellee.

The action arose out of the collision of two automobiles, owned and driven by the parties to this action, at the intersection of Jefferson and Second Streets in LaGrange, Kentucky. Jefferson Street is a through highway and street running east and west; Second Street is a stop street running north and south. At the time of the collision appellant was going north on Second Street and appellee was going west on Jefferson Street.

The complaint alleged general negligence on the part of appellee in driving his automobile, resulting in the damages to appellant's car. The answer consisted of a general denial and an affirmative plea of contributory negligence on the part of the appellant in his operation of his automobile.

Prior to the time of the filing of appellee's motion for summary judgment, appellee took the deposition of appellant as if on cross-examination, but counsel for appellant did not adduce any testimony from his client in this pre-trial deposition. Then followed the motion for summary judgment.

A brief resumé of the deposition given by appellant is: He was driving his car northwardly in the easterly lane of Second Street at a speed of about five miles an hour as he approached the intersection. He stopped his car at the stop sign, which was on the right side of Second Street and on the south side of Jefferson Street, and looked in both directions up and down Jefferson Street and no automobile or other vehicle was in sight in either block. He then proceeded in the east traffic lane very slowly into the intersection, intending to turn left on Jefferson, and reached the point about four feet from the center of the road on the south side, at which time appellee, traveling west, collided with appellant's car. Appellee's car "must have been going at least 45 or 50 miles" per hour, he opined.

■ After the motion for summary judgment was filed, appellant, as he had the right to do under CR 56.03, submitted his opposing affidavit which broadly stated that after having stopped his automobile at the intersection he proceeded cautiously onto Jefferson Street and at that time appellee's car was not within the intersection or approaching so closely as to constitute an immediate hazard to the appellant proceeding on Jefferson Street.

■ It is our opinion that the deposition and affidavit of appellant indicated a genuine issue of fact on the question of negligence and contributory negligence. In so holding, as we held and said in the recent case of Halterman v. Louisville Bridge & Iron Co., Ky., 280 S.W.2d 175: "* * * we do not think it necessary for us to hold that the evidence was sufficient to require submission of the case to a jury. We think it is enough to say that the evidence was not so inadequate as to have entitled the defendant, beyond all question, to a directed verdict." See cases cited in the Louisville

Bridge & Iron Company case, which we have just quoted from, and see also the case of Continental Casualty Co. v. Belknap Hardware & Manufacturing Co., Ky., —— S.W.2d ——.

■ Summary judgment procedure is provided for under the Civil Rules; not for a determination of factual issues, but rather for a determination of whether there are genuine issues as to material facts between parties to lawsuits. If there be genuine issues as to facts, or if there be reasonable doubt as to whether there are genuine issues concerning material facts, then summary judgments should be denied. Barron & Holtzoff, Federal Practice and Procedure, sections 1231, 1234 and 1235.

We conclude that summary judgment in this case was improper. The motion for appeal is sustained. The judgment is reversed with directions to set aside the summary judgment and to enter an order overruling appellee's motion for summary judgment.