**Jack C. MASSENGALE, Appellant,**

**v.**

**Charles Bruce LESTER, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

See also, Ky., 403 S.W.2d 697.

E. Gaines Davis, Jr., Frankfort, Jack M. Longshore, Miamiville, Ohio, for appellant.

Daniel W. Davies, Newport, for appellee.

PALMORE, Judge.

In January of 1963 the appellant, Jack C. Massengale, filed in the U. S. District

Court for the Southern District of Ohio a suit in which Massengale was the plaintiff and Charles Bruce Lester, the appellee, was named as the defendant. According to Massengale's testimony in the case now before us, the designation of Charles Bruce Lester was a mistake, as the intended defendant was his father, Charles E. Lester. Before the error could be rectified, a Cincinnati newspaper published a story recounting the substance of the federal court complaint. Charles Bruce Lester then brought the present action in the Campbell Circuit Court against Massengale for libel and recovered $500 compensatory and $500 punitive damages at the hands of a jury. Massengale's motion for an appeal has been sustained. KRS 21.060, 21.080; RCA 1.180.

Charles E. Lester and Charles Bruce Lester are attorneys associated in the practice of law at the same address in Newport, Kentucky. In 1956 Charles E. Lester defended Massengale against several indictments in Ohio, and some time thereafter a disagreement arose between them concerning fees and expenses. See Massengale v. Lester, Ky., 403 S.W.2d 697 (decided today), for the background. In his federal court suit Massengale alleged that he had given the defendant a $1,500 note and had paid him, through mistake, more than that amount, despite which the defendant refused to surrender the note and refund the excess; that the defendant had fraudulently obtained from him $1,750 for printing expenses; and that the defendant had fraudulently assigned the $1,500 note and a mortgage securing it to one Burkhart for the purpose of coercing the plaintiff to pay out still more money in order to effect their cancellation.

■ A publication falsely charging an attorney at law with unprofessional conduct is libelous per se, and unless it is privileged both malice and damage are presumed. Baker v. Clark, 186 Ky. 816, 218 S.W. 280, 283 (1920). However, "statements in pleadings filed in judicial proceedings, if material, relevant, or pertinent to the issues involved, are absolutely privileged, though it is claimed that they are false and alleged with malice." Lisanby v. Illinois Cent. R. Co., 209 Ky. 325, 272 S.W. 753, 754 (1925); Restatement of Torts, § 587; 33 Am.Jur. 144 (Libel and Slander, § 149).

■ Whether Massengale intended to sue Charles Bruce Lester or not, the fact is that he did sue him, and the only instrumentality by which he published any defamatory matter concerning him was the federal court complaint, under the cloak of absolute privilege. Probably because he recognized this legal obstacle, Lester cast his complaint in the present action on the newspaper article rather than the pleading itself,[1] but it seems to us that one whose statements are privileged because made in a judicial proceeding does not lose that privilege simply because they are republished in a newspaper. Otherwise the very purpose of the privilege would be lost.

The vital allegation of Lester's complaint is that Massengale "caused" the defamatory matter to be published in the newspaper. However, except for the inference that Massengale knew or should have known that the suit would be reported by the press there is nothing in the evidence to prove it. The article itself does not purport to quote or report any statement by Massengale other than the contents of his complaint. In fact, it concludes with a statement that "Massengale could not be reached for an explanation of why the suit names the younger Lester." Hence it is clear that Massengale "caused" the publication only in the sense that by filing his complaint in the federal court he made it a public record to which the press had access. It was not

---

1. The newspaper had the right to report the contents of the complaint as a matter of public record, so long as its report was accurate. Cf. Greenfield v. Courier-Journal & Louisville Times Co., Ky., 283 S.W.2d 839 (1955).

a separate, independent communication; hence it was privileged.

Through most of the proceeding in circuit court, including the trial, Massengale was without counsel, and the record is replete with procedural confusion of about the same kind and quantity as described in Massengale v. Lester, Ky., 403 S.W.2d 697. In addition, in this case, which went to the jury, Massengale failed to move for a directed verdict. Nonetheless, he did offer 13 instructions, 11 of which were rejected, and among those rejected were four instructions on the theory of privilege. This was enough to require a proper instruction on that theory, even if it would have had the practical effect of directing a verdict for Massengale. Cf. Clay's Kentucky Practice, CR 51, Comment 6. The court did not instruct on privilege, and it is our conclusion that the omission was a prejudicial error.

Massengale having failed to move for a directed verdict, his motion for a judgment n. o. v. was not sustainable. CR 50.02; Claspell v. Brown, Ky., 332 S.W.2d 851 (1960). However, his motion for new trial should have been sustained on the ground of error in the instructions.

The cause is reversed with directions that a new trial be granted.