**Jack C. MASSENGALE, Appellant,**

**v.**

**Charles E. LESTER, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

Rehearing Denied July 1, 1966.

See also, Ky., 403 S.W.2d 701.

E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Frankfort, Jack M. Longshore, Miamiville, Ohio, for appellant.

Robert B. Halloran, Newport, for appellees.

PALMORE, Judge.

Charles E. Lester and Lawrence Riedinger, Jr., partners in the practice of law, brought this action in the Campbell Circuit Court against Jack C. Massengale, a resident of Ohio, to recover $7,500 which Massengale allegedly agreed to pay them for legal services. Following a trial without a jury the court found for the plaintiffs and Massengale appeals.

Massengale, who was then a practicing lawyer in Cincinnati (he was later suspended from practice), was indicted in 1956 by a federal grand jury in Ohio on several charges of wiretapping and pretending to be an FBI agent. He was convicted on two counts and appealed to the U. S. Circuit Court of Appeals. Lester represented him in both courts. According to the complaint and supporting evidence in the present action, upon the occasion of Massengale's appearance in the office of the clerk of the U. S. Circuit Court of Appeals to execute a bail bond he made an oral agreement with Lester to pay him a fee of $7,500 for legal services to be rendered thereafter in that court. Previously Massengale had given Lester a $1,500 note secured by real estate mortgage, and it is Massengale's contention that this was the only fee ever agreed upon. Lester's version is that the $1,500 fee was for his services in the district court and no more.

The $1,500 note eventually was assigned to one Burkhart. In Massengale's brief it is said that Burkhart brought suit on it in Ohio and gave notice of depositions to be taken in Campbell County, Kentucky, thus inducing Massengale to come to Campbell County, where he was served with a summons in the instant suit of Lester and Riedinger. Massengale's motions to dismiss or, in the alternative, to quash the return on the summons on the grounds that the service was fraudulently procured and that as a resident of Ohio he was immune from process while present in this state for the purpose of attending to his litigation, were overruled. This gives rise to the first question presented on appeal.

Service of process obtained by fraud or trickery is invalid. Sutton v. Tuggle, 260 Ky. 351, 84 S.W.2d 1017 (1935); Wood v. Wood, 78 Ky. 624, 39 Am. Rep. 231 (1880); 42 Am.Jur. 32 (Process, § 35). And according to the great weight of authority, in the absence of extraordinary circumstances a nonresident who is in the state either as a witness or a party litigant is immune from the service of civil process, whether he appears voluntarily or in obedience to a subpoena. Rains v. Smith, 155 Ky. 766, 160 S.W. 493 (1913); Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192 (1916); 42 Am.Jur. 123, 124 (Process, §§ 142, 143); Annotation, "Immunity of nonresident from service of process while in state for purpose of settling or compromising controversy," 93 A.L.R. 872. See also annotation, "Immunity from service of process as affected by relationship

between subject matters of litigation in which process was issued, and litigation which nonresident was attending," 84 A.L. R.2d 421.

In view of Lewis v. Miller, 115 Ky. 623, 74 S.W. 691 (1903), holding that nonresident immunity did not apply to a person temporarily in this state for the purpose of testifying as a witness in an appeal she had taken from a judgment probating the will of her father (who had created the debt for which she was sued), and Linn v. Hagan's Adm'x, 121 Ky. 626, 87 S.W. 1101, 27 Ky.L. 1113 (1905), holding that it did not protect a nonresident in her capacity as administratrix of a foreign estate, the status of the law in Kentucky on this particular subject is not entirely clear. See Marlowe v. Baird, 301 F.2d 169 (6 Cir. 1962). Assuming, however, that sound policy promotes the administration of justice by encouraging parties and witnesses to appear and participate in connection with pending litigation free of harassment and entrapment, that this court would extend that policy to the taking of depositions for use in trials elsewhere, and that the relationship between Burkhart's suit against Massengale and the suit brought against him by Lester and Riedinger is not such as to create an exception (cf. 84 A.L.R.2d 421, 425 et seq.), the insurmountable difficulty with Massengale's position on this point is that the facts recited in his brief do not appear in the record.

The motion to dismiss or quash, which appears to have been filed or renewed at least three times during the course of proceedings in the circuit court, says that Massengale is and was at all times a citizen and resident of Ohio and that "he has not been properly served with process of summons in this action as service was had upon the defendant in the courtroom of His Honor, Paul Stapleton" (one of the judges of the Campbell Circuit Court). The supporting affidavit elaborates to the extent of alleging that the summons was served by a deputy sheriff while Massengale was "on official business in said courtroom for the purpose of taking testimony on cross-examination of sundry witnesses in a case which was caused to be initiated by fraud and deceit by the plaintiffs for the sole purpose of having defendant falsely served with summons for the purpose of harassment and without any basis of law," etc.

A counter-affidavit by Lester and Riedinger denied that Massengale had been enticed into Campbell County by fraud, deceit or any other means. Following a hearing on the issues presented by the motion and affidavits the motion was overruled. Unfortunately, the hearing was not transcribed or preserved for the record. The factual allegations having been controverted, it must be presumed that the evidence produced at the hearing (or the lack of evidence if Massengale, having the burden, failed to produce any) supported the ruling. Crowe v. Taulbee, Ky., 350 S.W.2d 620 (1961).

The next contention is that the trial court erred in sustaining a motion to strike several portions of Massengale's responsive pleading, which appears to have been styled an answer and "cross complaint" and consisted of three parts, the answer, a "Cross Petition," and a "Second Cause of Action," all asserted against the plaintiffs, Lester and Riedinger.

Having been unsuccessful in effecting any lasting arrangement for legal representation, Massengale had the misfortune of going it alone through most of the proceeding in circuit court. Obviously he was unfamiliar with the rules of pleading and practice and, in this jurisdiction at least, with the customary manner of conducting trials. His pleading is a fair example of the resulting confusion.

In substance, the answering portion of Massengale's pleading denied that he owed plaintiffs any money and affirmatively alleged the following matters:

(1) Improper service of the summons.

(2) Execution of the $1,500 note and inadvertent overpayment of it.

(3) Fraudulent procurement by Lester of $1,750 for printing expenses, most of which was converted to Lester's own use.

(4) Fraudulent conspiracy and assignment of the $1,500 note and mortgage by Lester to Burkhart in order to defeat an effort by Massengale to have them cancelled.

(5) Fraudulent suit by Burkhart against Massengale on the $1,500 note and mortgage.

■ All of these affirmative allegations in the answer were stricken except for those relating to the $1,500 note. Aside from the issue of improper service, none of them presented a defense against the cause of action stated in the complaint, and since the process question already had been heard and disposed of on motion it was not incumbent on the court to hear it again on the pleadings. Manifestly, therefore, with respect to this phase of the pleading the motion to strike was properly sustained.

The second section of the responsive pleading, entitled "Cross Petition," adopted by reference the allegations of the answer and stated in addition that the instant proceeding was a false, fraudulent and malicious suit, causing defendant to hire an attorney to his damage in the amount of $1,000.

The third and last part of the responsive pleading, styled "Second Cause of Action," simply alleged that the plaintiffs had attempted to defraud him "as stated in his foregoing answer" and demanded $10,000 punitive damages, an accounting for all monies paid plaintiffs by defendant, cancellation of the $1,500 note and mortgage, and recovery of defendant's attorney fees.

Sustaining of the motion to strike had the net effect of removing from the responsive pleading all but the denial that Massengale owed the plaintiffs any money or had ever entered into the alleged agreement to pay a $7,500 fee as claimed in the complaint.

■ The office of pleadings is to simplify rather than complicate litigation. Allegations are required to be simple, concise and direct. CR 8.05. Separate theories of claim or defense must be separately paragraphed. CR 10.02. Although the court may and should overlook simple mistakes of caption or designation, cf. CR 8.03, it is not the judge's function to sift through a garbled pleading like a prospector panning for gold. On a motion to strike the court's duty is to clear out the rubbish, and if in that process something is left unsaid which the pleader intended to say, his remedy is promptly to tender an amendment.

■ Massengale did eventually file an "amended answer and cross-petition" rehashing much of the same material appearing in his first pleading, adding a plea of limitations, and demanding only that the complaint be dismissed. On motion the court struck the averments that merely reiterated what had been stricken theretofore, leaving intact the purely defensive content. For the same reasons applicable to the first pleading we are of the opinion that this action was proper.

■ The attempt to assert a claim for malicious prosecution was, of course, premature. One of the essential elements of a cause of action for malicious prosecution is that the litigation has terminated. Blankenship v. Staton, Ky., 348 S.W.2d 925, 927 (1961). The one other claim he may have intended to assert was that he had paid Lester and Riedinger more than he owed them and was entitled to an accounting and refund. This, however, was based on the premise that the $7,500 contract never existed, and since the court heard all the competent proof of payments Massengale was able to offer at the trial, and found in effect that there had been none, any possible error in striking the prayer for an accounting proved to be non-prejudicial.

■ The remaining contentions are that the court unduly restricted Massengale in his cross-examination of Lester and that

the findings of fact were not supported by the evidence. On the first of these, it appears to us that the trial judge was quite liberal and patient and not nearly so restrictive as he might have been under the circumstances. On the second, the answer is that it was a case of one man's word against the other's. We cannot fault the trier of fact because of which one he chose to believe.

The judgment is affirmed.

