Bettye BROWN, Appellant,

v.

PHYSICIANS MUTUAL INSURANCE COMPANY and Physicians Life Insurance Company, Appellees.

PHYSICIANS MUTUAL INSURANCE COMPANY and Physicians Life Insurance Company, Cross-Appellants,

v.

Bettye BROWN, Cross-Appellee.

Court of Appeals of Kentucky.

Oct. 12, 1984.

Michael C. Davis, Louisville, for appellant, cross-appellee.

Charles Landrum, Jr., Larry C. Deener, Landrum & Patterson, Lexington, for appellees, cross-appellants.

Before HAYES, Chief Judge, WHITE and COMBS, Judges.

COMBS, Judge.

Bettye Brown appeals from the entry of summary judgment, and Physicians Mutual cross-appeals from dismissal of its counter-claim.

Ms. Brown was employed as a secretary with Physicians Mutual. She claims that shortly after she started working, she began to notice procedural irregularities and improper conduct on the part of salesmen. She reported her misgivings to her supervisor. Her attempts to contact the Insurance Commission were futile until she was fired.

Shortly before she was fired her supervisor was replaced. The new supervisor fired her. The internal correspondence of Physicians Mutual would indicate that Ms. Brown was fired for misconduct.

Ms. Brown commenced this action for wrongful discharge. In response to a motion for summary judgment, the trial court held that Ms. Brown stated a cause of action in her complaint, but entered a summary judgment because her "... allegations are not supported by any evidence ...."

Although she was a terminable-at-will employee, Ms. Brown's claim for relief is based on the tort of wrongful discharge. The tort of wrongful discharge has been recently examined by the Supreme Court in *Firestone Textile Co. Div. v. Meadows*, Ky., 666 S.W.2d 730 (1984). An employee has a cause of action for wrongful discharge when his employment is terminated in violation of a legislature's express or implied expression of public policy. Whether the reason for discharge is unlawful because of a right implicit in a statute is a question of law.

We agree with the trial court that Ms. Brown has stated a cause of action. The General Assembly has expressed great interest in insurance. KRS Chap. 304. Employees of insurance companies are required to cooperate with investigations by the Department of Insurance. KRS 304.2–230(4). The General Assembly has established a public policy that employees report violations of the Insurance Code to the Insurance Department. An employee who asserts that he was fired contrary to this policy has stated a cause of action.

We now turn to the issue of whether there exists a genuine issue of material fact.

Ms. Brown testified by deposition and denied the alleged acts of misconduct as stated in her supervisor's three separate letters, all dated November 17, 1980. Physicians Mutual argues and the lower court seemed to be impressed by the fact that Ms. Brown had not complained to the home office in Wisconsin, nor actually made contact with the Department of Insurance. She did complain to her former supervisor, Mr. Nasser.

Obviously, Mr. Nasser was the senior agent at the Lexington office at the time and was acting in that capacity when Ms. Brown voiced her complaints to him. It is well settled that the principal is chargeable with, and bound by, the knowledge of or notice to his agent received while the agent is acting as such within the scope of his authority and in reference to a matter over which his authority extends. 3 Am.Jur.2d *Agency* § 273. *See also United Fuel Gas Company v. Jude*, Ky., 355 S.W.2d 664, 666 (1962). Therefore, the home office is chargeable with having the knowledge related to Mr. Nasser. It is also significant to note Mr. Nasser's successor fired Brown in less than two weeks after being promoted to the position of manager.

Whether Ms. Brown was properly discharged as contended by Physicians Mutual, or wrongfully discharged as contended by her, is a factual issue to be decided during a trial. The trial court, rather than deciding whether there were genuine issues of fact, erroneously proceeded to decide the factual issue. It is conceivable that a jury might arrive at a different

result upon the same evidence. *Proctor v. Cranfill*, Ky., 280 S.W.2d 494 (1955). It is not necessary that there be a multitude of genuine issues of fact in order to defeat a motion for summary judgment. *Green v. Bourbon County Joint Planning Commission*, Ky., 637 S.W.2d 626 (1982).

In support of its position, Physicians Mutual relies upon the Wisconsin case of *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 335 N.W.2d 834 (1983), and *Pugh v. See's Candies, Inc.*, 116 Cal. App.3d 311, 171 Cal.Rptr. 917 (1981). In both of these cases, the employee had what the trial court denied Ms. Brown, and that is a trial.

 Physicians Mutual also claims that Ms. Brown's cause of action was barred by the one-year statute of limitations as is provided by KRS 413.140(1), whereas, it contends that it is governed by KRS 413.-120(7). In support of its position, Physicians Mutual relied upon the case of *Craft v. Rice*, Ky.App., 30 K.L.S. 6, 2 (1983), wherein this court held that a tort of outrageous conduct was governed by the one-year limitation and not the five-year one. The Supreme Court reversed the decision of the Court of Appeals. *Craft v. Rice*, Ky., 671 S.W.2d 247 (1984). In reversing, the court held that "the five-year statute of limitations applies when the gist of the tort is the claimed interference with the plaintiff's rights causing emotional distress generating a cause of action regardless of whether the plaintiff suffers any bodily harm resulting from the emotional distress."

In her complaint, Ms. Brown sought damages for an interference with her rights resulting in a loss of past and future earnings, as well as mental anguish.

Physicians Mutual seeks to reverse the ruling of the lower court dismissing its counterclaim. The gravamen of its counterclaim is that Brown's suit constituted malicious prosecution or, alternatively, malicious interference with a contractual right. One may not commence an action for malicious prosecution until the underlying litigation has been terminated. *Massengale v. Lester*, Ky., 403 S.W.2d 697 (1966); *First National Bank of Mayfield v. Gardner*, Ky., 376 S.W.2d 311 (1964). The trial court was correct in dismissing the counterclaim.

For the above reasons, the judgment of the Fayette Circuit Court sustaining Physicians Mutual's motion for summary judgment is reversed and remanded for proceedings consistent with this opinion and its judgment sustaining Brown's motion to dismiss the counterclaim is affirmed.

WHITE, J., concurs.

HAYES, C.J., concurs by separate opinion.

HAYES, Chief Judge, concurring.

I concur even though I have reservation about whether the appellant had stated a claim in her complaint upon which relief could be granted. However, the trial court so found, therefore, because of conflicting evidence, summary judgment is or was inappropriate.